# Arnold *v.* McKelvey, Appellant.

*Negligence—Automobiles—Pedestrians—Street crossings—Contributory negligence—Trials—Remarks of counsel—Case for jury.*

1. Ordinary care must be observed by vehicle drivers and pedestrians at all times at and between crossings. More care is required to be exercised by an automobile about to pass over a street crossing than between crossings; and more care is required of pedestrians between crossings than at crossings.

2. In an action to recover damages for personal injuries sustained by plaintiff as a result of being struck by defendant's automobile which was being operated by defendant's chauffeur within the scope of his employment, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury and a verdict for the plaintiff was sustained where it appeared that while plaintiff was attempting to cross a public street between crossings she observed plaintiff's car approaching and waited to allow it to pass, but that defendant's chauffeur turned to speak to another occupant of the car and in so doing caused the car to swerve and struck the plaintiff.

3. In such case reference by the counsel for the plaintiff in his closing address to the jury to the fact that the defendant's chauffeur, who was in the court room and had been identified during the trial, had not been called as a witness in the defendant's behalf was within the limit of reasonable comment by counsel.

Argued March 6, 1916. Appeal, No. 219, Jan. T., 1915, by defendant, from judgment of C. P. Northampton Co., Sept. T., 1912, No. 39, on verdict for plaintiff, in case of Mary Arnold and Harry Arnold, her husband, v. Frank G. McKelvey. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ALBERT W. JOHNSON, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Mary Arnold, for $2,000.00 and for Harry Arnold for $3,081.92, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*P. C. Evans,* of *Evans & Beck,* for appellant.—The evidence of negligence was insufficient to carry the case to the jury.

The plaintiff, Mary Arnold, was guilty of contributory negligence: Kauffman v. Nelson, 225 Pa. 174; Harris v. Commercial Ice Co., 153 Pa. 278; McIlhenney v. Philadelphia, 214 Pa. 44.

The refusal of the point set forth in the second assignment of error was erroneous: Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219.

*Wm. Fackenthal,* for appellee.—The plaintiff, Mary Arnold, was not guilty of contributory negligence, as a matter of law: Miller v. Lewistown Electric Light, Heat & Power Co., 212 Pa. 593; Ley v. Henry (No. 1), 50 Pa. Superior Ct. 591.

OPINION BY MR. JUSTICE MOSCHZISKER, April 17, 1916:

The plaintiffs, Harry Arnold and Mary, his wife, sued in trespass to recover damages for personal injuries to the latter, alleged to have been caused on September 18, 1911, by the negligence of the defendant's chauffeur in operating an automobile; the verdicts favored the plaintiffs and the defendant has appealed.

In disposing of appellant's principal contention, we shall first quote from the opinion of the court below: "The accident occurred on the west side of South Third street, between Pine and Ferry streets, in the City of Easton; the automobile was going south......, and Mary Arnold was crossing.......diagonally from the east to the west side. The plaintiffs' evidence tended to show that, when Mrs. Arnold was aproaching the west side of the street, she first noticed the car approaching from the north. She then stopped at a place of safety to

allow the car to pass by in front of her. Had the car continued in the direction in which it was going at the time Mrs. Arnold stopped, no injury would have occurred to her. But, while approaching Mrs. Arnold, within a short distance of her, the driver of the car turned around, apparently to speak to Mrs. McKelvey, the defendant's wife, seated in the car, and at the same time the car changed its direction, turned to the left, towards Mrs. Arnold, and, before she was able to get back and away, ran against her and severely injured her. The defendant offered no testimony. Two questions arise in this case, the negligence of the defendant and the contributory negligence of Mary Arnold. Without doubt, there is evidence that the defendant's driver was negligent in operating his car at the time of the accident, if plaintiffs' evidence is to be believed. The place of the accident was in the heart of Easton, on a frequently traveled street, and it was the duty of the driver to look where he was going and so operate his car as not to run into other persons using the street. We do not think there is such evidence of contributory negligence as would warrant a court in declaring as a matter of law that the plaintiffs are not entitled to recover. According to Mary Arnold's testimony, she stopped before reaching a place of danger to allow the car to go by, and, had the car continued in the course it was taking, and not changed its direction and turned towards the plaintiff, she would not have been injured." An examination of the record shows evidence sufficient to sustain the foregoing statement of facts, and it is clear therefrom that the issues of the negligence of the defendant and the contributory negligence of the plaintiff, Mary Arnold, were properly submitted to the jury.

We see no reversible error in the following instructions, stated in reply to one of defendant's requests for charge: "The pedestrian must use such care and caution as an ordinarily careful and prudent person would exercise under the circumstances in the case, and more

care and caution would be required of a pedestrian attempting to cross a street where automobiles and other vehicles are run between crossings than should be exercised at a crossing, because more care is required to be exercised by an automobile about to pass over a crossing than between crossings. Crossings are prepared especially for pedestrians, and automobilists must bear this in mind; therefore, more care is required of a driver of a car at crossings than between crossings. Nevertheless, ordinary care must be observed by drivers and pedestrians at all times, at and between crossings. Therefore, we say that more care is required of pedestrians between crossings than at crossings; but the rule of ordinary care applies." The trial judge made it clear to the jury in his general charge that by the phrase "ordinary care" he meant such care as a reasonably careful person should take under the particular circumstances, and the above instructions, considered as a whole, plainly state the correct rule that much greater care is required of a pedestrian traversing a street between crossings than at a crossing.

We shall state the appellant's last contention in the words of his assignment of error in relation thereto: "The court below erred in refusing and denying the motion of the defendant to dismiss a juror and continue the case, which was as follows: In the course of Mr. Fackenthall's closing address to the jury he referred to the testimony of witnesses for the plaintiffs to the effect that Frank Suess, the chauffeur, who was on the front seat and driving the car at the time of the accident, turned to talk to Mrs. McKelvey, who was on the rear seat, and that, as he turned, the car turned towards Mrs. Arnold; that Frank Suess was in court during the course of the trial and was identified by several witnesses; and also referred to the fact that Frank Suess was not called by the defense as a witness to deny this contention of the plaintiffs as to negligence." It appears that, when the above recited remarks were objected to,

the trial judge immediately said: "The jury will disregard any statement as to evidence that is not on the record. You will confine yourselves in determining this case strictly to the evidence that has been offered, and disregard any statement of anything that has not been shown here, or anything that is not in evidence. We warn the jury not to regard any statements as to evidence not produced." The attorney for the plaintiff then stated to the jury: "The Court has instructed me that I was exceeding my rights in making comments as to the nonproduction of certain evidence. I, therefore, submit to the ruling, and ask that you do not take into consideration what I have said in the determination of this case." We see no merit in this assignment; the remarks complained of were not at all beyond the limits of reasonable comment by counsel, and, even if otherwise, they were cured by the instruction of the court.

The assignments are all overruled and the judgment is affirmed.