# Weaver, Appellant, *v.* Pickering.

*Negligence—Automobiles—Pedestrian—Crossing between intersecting streets—Contributory negligence—Law of road—Act of June 30, 1919, P. L. 678.*

1. While a pedestrian may cross a street between intersections, when he does so he must exercise a higher degree of care than at a public crossing.

2. A pedestrian who fails to look in both directions before attempting to cross a two-way city street between intersections, must be held guilty of contributory negligence.

3. The fact that the driver of a vehicle may have temporarily driven beyond the centre of the cartway to avoid an obstruction, does not make him liable for striking a pedestrian who has attempted to cross the street between intersections without looking in both directions.

4. The Act of June 30, 1919, P. L. 678, which directs a vehicle to turn to the left when passing another going in the same direction, gives the driver a temporary right to go upon or beyond, if necessary, the centre of the cartway.

Argued October 19, 1923. · Appeal, No. 87, Oct. T., 1923, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1921, No. 433, refusing to take off nonsuit, in case of Thomas W. Weaver v. Moses Pickering. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before CARNAHAN, J. The opinion of the Supreme Court states the facts. Nonsuit. Refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Blythe S. Weddell,* of *Redden, Weddell & Hosack,* for appellant.—It was error to enter a nonsuit: Lamont v. Express Co., 264 Pa. 17; Mackin v. Patterson, 270 Pa. 107; Hanley v. Bakey, 77 Pa. Superior Ct. 36; Lewis v. Wood, 247 Pa. 545.

*William A. Challener,* for appellee, was not heard.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

Penn Avenue extends through the City of Pittsburgh in an easterly and westerly direction and in the center thereof is a double track street railway. The current of traffic on the south side of the street is easterly and on the north side westerly. At a point some distance east of Ninth Street the avenue is crossed at right angles by an open street called Garrison Alley. On the morning of March 1, 1920, the plaintiff, Thomas W. Weaver, a traveling salesman, walked east along the south side of the avenue until he crossed the alley, where he looked back but saw no eastbound vehicles approaching. He continued a short distance further east until he saw

an opening between automobiles standing, apparently blocked, on the north side of the avenue. To reach this opening he turned north to cross the avenue, without looking east or again west. As he first left the walk and stepped into the cartway, his view easterly was obstructed by an autotruck standing near the south curb, which he passed and then walked out onto the street-car tracks, a distance of some eight or ten feet, and was immediately struck and injured by defendant's westbound automobile, which had turned into the car tracks to pass the line of standing automobiles. Plaintiff neither looked east nor west as he stepped into the cartway, nor until just as he was struck. The automobile was in plain sight as he came out from the rear of the truck and stepped in its path. The trial judge granted a compulsory nonsuit on the ground of contributory negligence; this appeal by plaintiff is from the court's order refusing to take off the same.

The case was rightly decided. While a pedestrian may cross a street between intersections, as was attempted here, yet when he does so he must exercise a higher degree of care than at a public crossing: Virgilio v. Walker, 254 Pa. 241; Arnold v. McKelvey, 253 Pa. 324. In the instant case plaintiff seemed oblivious to danger, and chose to walk by faith across a busy city street; in so doing, he assumed the risk. In Harris v. Commercial Ice Co., 153 Pa. 278, 280, Justice MITCHELL, speaking for the court, says: "People are not entitled to walk the streets with closed eyes and inattentive minds. ......Even on a city street a man must heed what he is doing and where he is going, or he cannot complain of the consequences. This is the rule even on the sidewalk, —Robb v. Connellsville Borough, 137 Pa. 42,—and when he steps into the cartway he is equally bound to remember that horses and vehicles have also a right-of-way there, to which he must give due attention or he will be barred of complaint as to the consequences." Owing to the constant use of streets by motor vehicles, that lan-

guage has greater force now than it had thirty years ago. The present condition of traffic is such that a pedestrian who fails to look in both directions before attempting to cross a two-way city street between intersections must be held guilty of contributory negligence. As stated in Anderson v. Wood, 264 Pa. 98, 100, the pedestrian must have due regard to the condition of the traffic and observe the same to see if there is an opportunity to cross before entering the cartway; and see Gavin v. Phila. Rapid Transit Co., 271 Pa. 73; Lorah v. Rinehart, 243 Pa. 231. The rule requiring the traveler to look immediately before entering upon a street railway track, is equally applicable to entering upon the cartway of a busy street, between intersections, as the danger is no less. As stated in Provost v. Director General of R. R., 265 Pa. 589, it only requires the fraction of a second to turn the head and look in either direction; hence, to do so is a reasonable precaution that must not be omitted under such circumstances as are presented in the instant case. An exception is made where a passenger alights from a street car, because the statute (clause 1, section 25, Act of June 30, 1919, P. L. 678, 694) positively forbids the movement of motor vehicles on the side of the street where passengers are being discharged: see Lewis v. Wood, 247 Pa. 545; Hanley et ux. v. Bakey, 77 Pa. Superior Ct. 36. Appellant cites clause 4 of said section 25, of the act above cited, P. L. 695, requiring vehicular traffic at all times to keep as close as possible to the right hand side of the street and contends that it absolves a pedestrian from the duty to look in the direction from which such traffic approaches, before or while crossing the opposite side of the cartway. This contention cannot be sustained; it overlooks clause 3 of the same section (P. L. 694), which directs a vehicle to turn to the left when passing another going in the same direction. This gives the former the right temporarily to go upon, or if necessary beyond, the center of the cartway, which right, so far as appears, defendant was lawfully

exercising when passing the row of standing automobiles. Vehicles would also be justified in turning to the left to avoid an obstruction, like building material; so it cannot be blindly assumed that they will under all conditions and at all times travel only on the right-hand side of the street, as it is not possible to do so. Again, a pedestrian who crosses the left-hand side of a street without looking to the right might often find his further progress blocked and be in peril between traffic moving in both directions. It follows that, except where there are safety zones, the crossing of a street between intersections is a single venture which the pedestrian can lawfully undertake only after having looked in both directions. True, it cannot be said as matter of law that a pedestrian must look behind him, while walking in or diagonally across a public street (Lamont v. Adams Express Co., 264 Pa. 17, 21), but that does not relieve him of the duty to look before entering the cartway. The case just cited is relied upon by appellant, but there the pedestrian looked in both directions before attempting to cross the street; in addition, that was in the evening and the automobile came up behind him. In the case in hand, plaintiff, attempting to make a right-angle crossing in broad daylight, with nothing to divert his attention or obstruct his view, stepped in front of the approaching automobile, without looking in either direction, and was immediately struck. Under such circumstances his contributory negligence is manifest.

The order appealed from is affirmed.