## Leitmeyer *v.* Feldman, Appellant.

*Negligence—Automobiles—Passenger alighting from street car in middle of block—Contributory negligence—Case for jury.*

1. While a passenger may alight from a trolley car in the middle of a block, in so doing he must use more than ordinary caution and be vigilant to look after his safety.

2. If the testimony is that, as he stepped from the car which had stopped, he looked in both directions and found it free of approach-

ing vehicles, and heard no warnings, and it also appears that the automobile ran from forty· to fifty feet after striking him, the case, on conflicting testimony, is for the jury on the question of plaintiff's contributory negligence and defendant's negligence.

Argued April 23, 1925. Appeal, No. 289, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1923, No. 2315, on verdict for plaintiff, in case of George J. Leitmeyer v. Max Feldman. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting record.

*S. S. Herman,* for appellant, cited: Weaver v. Pickering, 279 Pa. 214; Lewis v. Wood, 247 Pa. 545; Hill v. Transit Co., 271 Pa. 232; Lessig v. Transit & Light Co., 270 Pa. 299; Kauffman v. Nelson, 225 Pa. 174; Harris v. Ice Co., 153 Pa. 278; Klingensmith v. Rys., 279 Pa. 336; McAvoy v. Kromer, 277 Pa. 196.

*Ward C. Henry* and *William Charles Brown,* for appellee.

PER CURIAM, May 11, 1925:

Plaintiff, while passing to the sidewalk from a trolley car, which had stopped in the middle of a block and from which he had alighted, was struck by defendant's automobile truck as he was about to step from the roadway to the sidewalk and was quite seriously injured. At the trial, a verdict was rendered in plaintiff's favor and,

from the court's refusal to enter judgment for defendant non obstante veredicto, this appeal followed.

Plaintiff testified that as he stepped from the trolley car to the roadway he looked in both directions and found it free of approaching vehicles and further that he heard no automobile horn sounded. Other witnesses testified they heard no warning of its approach given by the driver of the truck, and that it ran from forty to fifty feet after striking plaintiff; that the trolley car had come to a stop at the time plaintiff alighted and that he was hit by defendant's truck as he was stepping from the roadway to the sidewalk. Defendant testified his truck was running alongside of the trolley car, that the latter did not stop and that plaintiff stepped from the car practically in front of the machine. This conflicting testimony required submission of the case to the jury under proper instructions. In so doing the trial judge in substance said that, while plaintiff had a right to cross the roadway from the trolley car to the sidewalk in the middle of the block, it was his duty under such circumstances to "exercise more than ordinary care" and "observe whether or not there was anything approaching, ......and, if there was, not to commit himself in front of it unless he had a perfect opportunity to get across to the pavement in safety," and that, if he failed to observe this degree of care, he was guilty of contributory negligence, and a verdict should not be rendered in his favor.

While a pedestrian may cross a street, or a passenger may alight from a trolley car, in the middle of a block, in so doing, however, he must use more than ordinary caution and be vigilant to look after his safety. If he fails in this respect, he cannot recover in case of receiving injury by a passing vehicle: Arnold v. McKelvey, 253 Pa. 324; Virgilio v. Walker & Brehm, 254 Pa. 241, 245; Weaver v. Pickering, 279 Pa. 214.

If the testimony of plaintiff and his witnesses correctly states the facts, and it must have been accepted by the jury, it was ample to relieve him from the charge of

contributory negligence and sustain a verdict in his favor. The evidence offered by the parties was fully referred to by the trial judge in his charge and we find no error in the manner in which the case was submitted to the jury. There being ample evidence to support the verdict the judgment must be affirmed.

Judgment affirmed.