## Johnson v. Cheyney.

F. W. Stites, for plaintiff; L. M. Schoch, for defendant.

KUN, J., Nov. 16, 1928.—Plaintiff, a woman fifty-eight years of age, accompanied by her sister, about the same age, on the evening of April 9, 1925, about 9 P. M., having proceeded eastwardly on the north sidewalk of West Chester Pike, Delaware County, just beyond the limits of the City of Philadelphia, came to a point just opposite Brief Road, which ran into the pike from the south at that point but did not cross it. According to the plaintiff's case, she waited for the traffic to pass in both directions, and seeing defendant's car about 200 to 300 feet away approaching from the west, proceeded to cross the pike towards Brief Road; that when plaintiff and her sister had proceeded to about the southern edge of the concrete-paved portion of the pike, they were both struck by the defendant's automobile, which was traveling about forty-five miles an hour, and which proceeded fifty to seventy-five feet beyond the point of collision before it stopped, dragging the plaintiff along.

The defendant's case was that he was driving in from a golf club with four friends, and he was driving at the rate of twenty-five miles an hour, and, while so doing, the plaintiff and her sister suddenly emerged from behind a passing car going in the opposite direction, that he swerved to avoid hitting the plaintiff and her sister, who thereupon stepped back and on that account were hit.

The jury was plainly told that if the accident occurred in the manner testified to by the plaintiff and her witnesses, she was entitled to recover; if it occurred in the manner the defendant and his witnesses testified to, defendant was entitled to a verdict. The jury found the facts in favor of the plaintiff and gave her a verdict. No doubt, the very persuasive physical fact in the case that the defendant's car dragged plaintiff fifty to seventy-five feet after the collision played an important part in the deliberations of the jury.

The only point made on the motion for a new trial filed by the defendant worthy of serious consideration is that the court erred in refusing to permit the defendant to testify to a supposed lack of knowledge that the place at which the plaintiff was struck was a public crossing to the extent that it was such a crossing. The fact that the plaintiff stopped to cross the pike at the point opposite Brief Road was brought into the case as part of the plaintiff's narrative and not in any sense to predicate upon that fact the requirement of a particular or special degree of care on the part of the defendant. The instant case is in no sense like the case of Watson v. Lit Bros., 288 Pa. 175, cited by the defendant, in which, as the Supreme Court said, the trial judge erred in treating the case as an accident at a street intersection, in which is applicable the rule requiring perfect control of the vehicle and the ability to stop it at the shortest possible notice.

The plaintiff had a right to cross the West Chester pike at any point on looking for approaching traffic (Weaver v. Pickering, 279 Pa. 214); that she did so opposite Brief Road was a mere incident in the case. No special right on the part of the plaintiff or special obligation on the part of the defendant was contended for in this case on that ground. In a word, the case was not submitted to the jury as a street intersection case.

The plaintiff was very badly injured and rendered a partial invalid. As to the amount of damages awarded her, it may be said that, far from being excessive, the court would have sustained a much larger verdict had one been rendered. The motion for new trial was properly overruled.

NOTE.—The verdict was for $14,329.50.