## Nugent *v.* Joerger, Appellant.

Argued November 15, 1956.  Before STERN, C. J., JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*I. R. Kremer*, with him *Max E. Cohen*, for appellant.

*Leonard Turner*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, December 29, 1956:

On February 12, 1954, Joseph Nugent, while walking in a southwardly direction on the east side of Main Street in Manayunk, Philadelphia, decided to cross over to the west side.   Instead of proceeding to an intersection where the chances of being hit by an automobile are at least theoretically less than those which attend a passage in the middle of a block, Nugent stepped off the curb between crossings and struck out across Main Street, only to be felled by an automobile before reaching the other side.   The only question in this appeal is whether, under all the circumstances, Nugent was guilty of contributory negligence and therefore is not entitled to the verdict of $20,000 which the jury awarded him in his suit against the operator

of the colliding car, the defendant Miss Margaret A. Joerger, who here asks for judgment n.o.v., having withdrawn in the Court below her motion for a new trial.

The tempo of the twentieth century being what it is, the law recognizes that a pedestrian is entitled to cross in the middle of a block in order to gain a few seconds' time which will hasten him on to his destination. However, some limitations are placed on that permitted acceleration of pace. He may not cross without observing certain rules which generally have proved efficacious in saving foot passengers from automobilists, who, in hurrying to meet a destiny of their own, might ignore human beings in the path before them. Whether, and to what extent, a pedestrian and an automobilist obey the rules which, in a double adherence, would skirt every danger and avert collision, is a question of fact for the jury to decide. The jury here found the motorist negligent and no one disputes that decision, but the defendant does dispute the finding that the plaintiff was non-negligent. Thus, the defendant asks us to declare as a matter of law that Joseph Nugent did not observe the due care imposed on every person who takes to the highway. Of course, we can only exercise the drastic power of taking away from a successful plaintiff a verdict awarded him by a jury when the facts etch a picture of such incontrovertible self-abandonment to negligence that "fair and reasonable persons cannot disagree as to its existence." (*Ashcraft v. Hussey Co.*, 359 Pa. 129, 132.) Do we have that kind of proof here?

Once it is admitted that Nugent had the right to cross Main Street at the point he did, and this admission is inescapable, it would be impossible to say that persons cannot disagree that what he did after step-

ping off the curb was contributory negligence. A study of the record will reveal that Nugent prepared for his course across Main Street with the prudence and caution of a careful person advancing upon a fresh sheet of ice. While still on the east sidewalk he scanned the vehicular horizon to the south and saw the defendant's car 450 feet away, moving at the moderate rate of speed of 25 to 30 miles per hour, allowing him ample time to cross before its arrival at the point he was traversing. Glancing to the north and being assured of safety also from that quarter he took to the street, briskly walking in a diagonal direction toward the southwestern corner of Main Street and Shurs Lane where he intended to board a bus. After proceeding obliquely 35 to 40 feet, he took his bearings again toward the south and observed the defendant's car now 250 feet away, still maintaining the same leisurely pace noted before. A look to the north assured Nugent again of absence of danger from that point of the compass. Now, for the third time, he surveyed the south, having at this moment almost reached the center of Main Street. The car in the meantime had accelerated its speed to about 50 to 55 miles per hour and it was only 50 feet away, the operator apparently unconcerned with what must have been within her plain vision. The plaintiff, fearing for life and limb, sought to escape to the west curb, at the same time throwing his hands into the air to signal and warn the determined motorist who, according to the plaintiff's testimony, "followed" him and knocked him down in the center of the road.

On this narrative of events which, in this review, we are required to accept as true, the plaintiff did everything that was required of him by the books and decisions and by the laws of the road and self-preserva-

tion. A pedestrian crossing in the middle of a block, in full view of an oncoming car, cannot legally be declared guilty of contributory negligence if he reasonably assumes that the motorist, having ample time within which to stop his car or alter his course to avoid hitting him, will not run him down in defiance of the laws of safety, the standards of the motor code, and the edicts of humanity.

Defendant's counsel argues in his brief: "Though his destination was the northwest corner of Shurs Lane and Main Street which was approximately one-half block to the south of him, plaintiff nevertheless elected to cross Main Street in a southwesterly or diagonal position *facing* towards the fast approaching automobile of defendant. No possible reason was given by plaintiff which would have justified the selection of his route." (Emphasis in appellant's brief.)

There is no need for the plaintiff to have given a reason as to why he selected his route. He was proceeding toward his bus stop and, in doing so, combined utility with care by *facing* the car which was on the street with him. One always has a better chance of overcoming a potential danger by facing it rather than by ignoring it.

No matter how one analyzes the facts in this case, nor what decisions he brings to bear on those facts, he always arrives at the same conclusion, namely that only a jury could decide whether the plaintiff acted as a reasonably prudent person under the circumstances. While judges and lawyers might conclude that Nugent could have avoided his misfortune by taking a route different from the one he followed, it cannot be said that the jury's findings were unreasonable nor unsupported by substantial evidence.

Judgement affirmed.