Gregorich, Appellant, *v.* Pepsi-Cola Metropolitan Bottling Company, Inc.

Argued April 11, 1974.   Before WATKINS, P. J., JA-
COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Chester S. Fossee,* with him *Murovich, Reale & Fos-
see,* for appellant.

*William C. Walker,* with him *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This appeal challenges the validity of the nonsuit judgment entered by the court below at the close of plaintiff's case.

The plaintiff was seriously injured when he was struck by defendant's truck as he was crossing a snow-covered road in Pittsburgh in order to board a bus to work. On the day of the accident, December 24, 1969, at about 6:45 a.m., it was cold, dark and snowing. West Carson Street was covered with snow which was piled up against the curb so as to make the roadway accessible to only one lane of traffic in each direction. At the northerly side of West Carson Street there was no pedestrian footwalk, but only a curb and a fence separating the road from a stretch of railroad tracks. There was bus transportation traveling both westwardly and eastwardly on the street, and boarding indentations had been cut into the curb and fence at various intervals. Because of the snow, however, the indentations located a safe distance from the driving portion of the roadway were inaccessible on the day in question.

A few minutes before the mishap, an outbound bus had come to a stop at the bus stop and put on its flashing lights. Almost immediately thereafter, an inbound bus pulled into the southern curb and turned on its flashing lights so as to permit the boarding and discharging of passengers. Because of the high snow at the curbline, the buses were a distance from the curb in a position whereby the front end of the inbound bus was in lineal parallelism to the front end of the outbound bus.

With the buses so situated plaintiff attempted to cross the roadway in the middle of the intersection so as to reach the outbound bus. As a result of the in-

juries he sustained, he was unable to recall the entire incident. A motorist, however, who came to a stop behind the outbound bus, served as plaintiff's only spokeswoman as to the operative facts of the accident.

She testified that she first saw the plaintiff when he was a step or two in front of the inbound bus. She observed that the plaintiff was walking quickly. At about the same moment, she noticed the defendant's truck come from behind the stopped inbound bus. The truck, proceeding approximately 20-25 miles per hour and straddling the middle line of the roadway, attempted to pass between the two stopped buses. While in the process of passing this bus, the truck struck the plaintiff. The witness was able to say that the point of impact was approximately "a step" from the outbound bus. The truck had traversed the center line of the highway, striking the plaintiff while it was on "the wrong side of the road". She testified that she did not notice whether or not the plaintiff looked to his right and left to observe oncoming traffic, but she did conclude that a "split-second" later plaintiff would have safely reached the bus.

After this eyewitness to the accident testified, plaintiff rested his case. The defendant immediately moved for a nonsuit alleging that either plaintiff had failed to prove the negligence of the defendant in so negotiating its vehicle or that plaintiff had supplied sufficient evidence in his case to establish contributory negligence as a matter of law. The trial judge granted defendant's motion, and subsequently refused plaintiff's motion to remove the judgment of compulsory nonsuit. This appeal has followed.

In reviewing a judgment for compulsory nonsuit, we are guided by the general rule that the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor

of the plaintiff. *Idlette v. Tracey,* 407 Pa. 278, 180 A. 2d 37 (1962); *Fullard v. Pittsburgh Urban Redevelopment Authority,* 222 Pa. Superior Ct. 184, 293 A. 2d 118 (1972). As such, a compulsory nonsuit may be entered only in a clear case and only where there is no doubt as to the inference to be drawn from the evidence. *Hader v. Coplay Cement Manufacturing Co.,* 410 Pa. 139, 189 A. 2d 271 (1963).

It first must be emphasized that because the injuries suffered by the plaintiff caused him to lose his memory and recollection of the accident facts, he is entitled to a presumption of due care. *Robinson v. Raab,* 216 Pa. Superior Ct. 397, 268 A. 2d 225 (1970). Countervailing this presumption is the testimony of the eyewitness who testified that the plaintiff crossed in the middle of the street and not at the intersection. While the physical conditions present at the time may have made crossing at the intersection hazardous or difficult, the fact remains that crossing was attempted in the middle of the street. The law is clear that a pedestrian crossing a street between intersections is held to a higher degree of care than at street intersections, while the motor vehicle operator has a correspondingly lesser degree of care. *Harris v. DeFelice,* 379 Pa. 469, 109 A. 2d 174 (1954). The mere fact, however, that a pedestrian crosses between intersections is insufficient to prove contributory negligence. As the late Justice MUSMANNO said in *Nugent v. Joerger,* 387 Pa. 330, 332-333, 127 A. 2d 697 (1956): "The tempo of the twentieth century being what it is, the law recognizes that a pedestrian is entitled to cross in the middle of a block in order to gain a few seconds' time which will hasten him on to his destination . . . . Whether, and to what extent, a pedestrian and an automobilist obey the rules which, in a double adherence, would skirt every danger and avert collision, is a question of fact for the jury to decide. . . . Once it is admitted that Nugent had the right to cross

Main Street at the point he did, and this admission is inescapable, it would be impossible to say that persons cannot disagree that what he did after stepping off the curb was contributory negligence."

The eyewitness went on to say that both buses stopped on opposite sides of the street leaving a narrow strip by which traffic, if it was to continue to move, could traverse. To so proceed was to drive down the middle of the street straddling the center line having at least a portion of a moving vehicle on the wrong side of the highway. This is what happened. The eyewitness testified that plaintiff crossed in front of the inbound bus and had nearly crossed over to the outbound bus when he was struck on the wrong side of the road by the striking vehicle.

Taking the evidence in a light most favorable to the plaintiff, it cannot be said that the operative facts of the case as well as the physical and meteorological elements of the situation did not provide an atmosphere in which the triers-of-fact could not differ. The buses were not parked, and therefore the cases dealing with the right of a vehicle to cross to the wrong side of the road in passing a *parked* vehicle are not applicable. See, e.g., *Weaver v. Pickering*, 279 Pa. 214, 123 A. 777 (1924). The buses were stopped to permit passengers to board and alight to the street. They were stopped only momentarily. We believe that, on the basis of these facts, a jury could conclude that the defendant was negligent in swinging around a bus, with its view partially obstructed, and proceeding at a speed of between 15-25 miles an hour down the center of the road in such a manner as to be unable to stop before striking and seriously injuring a pedestrian on the opposite side of the road. As our Supreme Court held in *Matkevich v. Robertson*, 403 Pa. 200, 202, 169 A. 2d 91 (1961): "This Court has held, again and again, that when an automobile is operated on the wrong side of

the highway, that fact in itself is prima facie evidence of negligence and is sufficient to carry the case to the jury on that question." See also, *O'Neil v. O'Neil,* 204 Pa. Superior Ct. 485, 205 A. 2d 687 (1964). We are unable to say that there is not sufficient doubt as to the reasonableness of defendant's passing of the stopped bus at a point and time which it chose to proceed.

Appellee's contention that plaintiff's own evidence established that he was contributorily negligent is likewise dismissed. We have already stated, supra, that crossing between intersections is not sufficient to prove negligence. Indeed, the only circumstance which could justify such a conclusion would have been an affirmative, unqualified statement by the eyewitness that the plaintiff had not looked both ways before crossing. When the eyewitness was asked if the plaintiff properly watched for oncoming traffic before entering the highway, she answered that she did not know and frankly had not noticed. She could only describe the course which plaintiff took and that he was walking "quickly".

In a case similar to the instant one, this Court reversed a compulsory nonsuit judgment where the plaintiff as a result of his injuries could not remember the accident. It was admitted that plaintiff had a green light in his favor before stepping into the intersection. The only question was that of contributory negligence. As such, negligence could only be inferred if plaintiff had failed to look for traffic and had placed blind reliance on the green light. Having no evidence to confirm plaintiff's failure to look, we held that: "The fact that appellant had no recollection of seeing defendant's car does not establish the fact that he had not seen it or had not performed his duty to look for it. However, in the absence of proof that he did not look before he proceeded to cross the eastbound lanes of traffic on

Eastwick Avenue, we have no right to infer that he did not do so." *Robinson v. Raab*, supra at 401.

Judgment of compulsory nonsuit is reversed, and a new trial granted.

---

DISSENTING OPINION BY PRICE, J.:

I dissent from the majority's reversal of the nonsuit judgment entered by the lower court at the close of the plaintiff's case. The majority finds that the plaintiff had submitted sufficient evidence at trial to create a question as to defendant's negligence and also that his case was free of evidence of contributory negligence by the plaintiff. I disagree on the basis that plaintiff demonstrated no evidence of negligence on the part of the defendant and that plaintiff's evidence establishes that plaintiff was contributorily negligent as a matter of law. Therefore, I would affirm the judgment of compulsory nonsuit.

This appeal involves a plaintiff-pedestrian who was struck by defendant-driver's truck as he crossed between intersections. The plaintiff had left the curb and passed in front of a temporarily stopped bus and was struck at a point one-fourth of the way from the center of the roadway to the opposite side. Another temporarily stopped bus was at the opposite curb. The truck had passed between the buses by straddling the center of the street. It was dark and there was snow at the curbside and on the ground; however, visibility was unobstructed and headlights could be seen a couple of thousand feet.

The injuries to the plaintiff were such as to cause him to be unable to remember any of the events of the day of the accident or several days thereafter. One witness, who observed the accident, testified for the plaintiff. The lower court, at the conclusion of plaintiff's case, granted defendant's motion for a compulsory nonsuit.

The majority finds evidence sufficient to create a question for the jury as to whether the defendant was negligent by the fact that defendant, in an effort to pass the stopped bus, had operated his vehicle on the wrong side of the highway immediately before striking the plaintiff.[1]

In support of this position, the majority cites *Matkevich v. Robertson*, 403 Pa. 200, 169 A. 2d 91 (1961) and *O'Neil v. O'Neil*, 204 Pa. Superior Ct. 485, 205 A. 2d 687 (1964), for the proposition "that when an automobile is operated on the wrong side of the highway, that fact in itself is prima facie evidence of negligence. . . ." 403 Pa. at 202, 169 A. 2d at 93. In both *Matkevich* and *O'Neil*, the defendant-driver skidded because of weather conditions into the wrong lane and collided with the other vehicle involved. Both of these cases can be distinguished in that in the instant appeal the de-

---

[1] Plaintiff in his brief also contends that the defendant was negligent as a matter of law in that he violated the "assured clear distance" rule. The rule requires that a driver keep his vehicle under such control that he can always stop within the distance that he can clearly see. *Griffith v. Weiner*, 373 Pa. 184, 95 A. 2d 517 (1953). The inherent visibility of the object to be observed is important, *Koelle v. Philadelphia Electric Company*, 443 Pa. 35, 277 A. 2d 350 (1971), as well as the fact that the assured clear distance varies according to the visibility at the time and other attending circumstances. *Reifel v. Hershey Estates*, 222 Pa. Superior Ct. 212, 295 A. 2d 138 (1972). As the lower court properly noted in its opinion, "[t]here was no evidence establishing the visibility of the driver or what it could have been. We consider that this accident occurred in the dark early morning between intersections and that one driving under the circumstances could assume that a pedestrian would not cross the cartway as plaintiff did, or, if one did he would be cautious to anticipate that vehicles would be moving on the cartway and yield to them. Further, and most important, we have no evidence as to when or where the Pepsi truck was stopped, therefore, a jury would be unable to determine whether the truck stopped in a distance equal to the length of the driver's vision or his headlight beam, depending upon the illumination."

fendant was lawfully on the "wrong side" of the street in an attempt to pass the stopped bus. See *Weaver v. Pickering,* 279 Pa. 214, 123 A. 777 (1924).[2] Here the portion of the cartway used by the truck was the only portion of the cartway available to pass a stopped vehicle, since a bus had also stopped on the other side of the street. Further, the truck did not collide with another vehicle, but struck a pedestrian crossing between intersections, not necessarily a danger to be anticipated when using a portion of the opposite lanes of travel.

It must also be noted that before a motorist can be held liable for a collision between his automobile and a pedestrian crossing the street at a place other than a regular pedestrian crossing at an intersection, it must be shown that the pedestrian was on the street for a sufficient length of time to be seen and far enough away to enable the motorist to bring his automobile under control. See, e.g., *McNett v. Briggs,* 217 Pa. Superior Ct. 322, 272 A. 2d 202 (1970); *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634 (1958). The plaintiff's eyewitness in her testimony did not provide this evidence. The witness could not place the relative position

---

[2] In *Weaver,* a pedestrian walked between two parked cars onto the street and was struck by a car which had been temporarily driven beyond the center of the cartway to avoid an obstruction, "a line of standing automobiles." The court in finding the plaintiff contributorily negligent, noted that "[v]ehicles [are] justified in turning to the left to avoid an obstruction . . . so it cannot be blindly assumed that they will under all conditions and at all times travel only on the right-hand side of the street, as it is not possible to do so." 279 Pa. at 218, 123 A. at 778. See The Vehicle Code, Act of April 29, 1959, P. L. 58, §1004, as amended (75 P.S. §1004), which provides in part that a "driver of a vehicle . . . shall drive as closely as possible to the right-hand edge or curb . . ., *unless it is impracticable to travel on such side of the highway* . . . ." [Emphasis added]; *Bailey v. Gibbs,* 414 Pa. 238, 199 A. 2d 460 (1964) (defendant not negligent in passing stopped bus on the left and striking pedestrian crossing the street).

of the pedestrian and the truck at the time of the accident. The witness also testified that the defendant was traveling within the speed limit. There was no evidence that the truck was traveling at an unreasonably high rate of speed in light of the meteorological conditions, and that the driver had an unobstructed view nor that he saw the plaintiff.[3]

The mere happening of an accident does not prove negligence on the part of an individual, *Bailey v. Gibbs,* 414 Pa. 238, 199 A. 2d 460 (1964), and the fact that the defendant's truck straddled the middle of the road is not prima facie evidence of negligence. *Weaver v. Pickering, supra.* The testimony, viewed in a light most favorable to the plaintiff, proves nothing more than the occurrence of a pedestrian struck by a truck, and there is no evidence of negligence in the operation of the defendant's truck or other circumstances from which a jury could logically find or reasonably infer negligence.

The majority also found that plaintiff's own evidence did not establish contributory negligence. Because the injuries suffered by the plaintiff caused him to lose his memory and recollection of the accident facts, the majority finds that he is entitled to a presumption of due care. As a result of this presumption and the fact that the eyewitness could not testify whether plaintiff properly watched for oncoming traffic, the majority reasons

---

[3] In *Bailey v. Gibbs,* 414 Pa. 238, 199 A. 2d 460 (1964), a case very similar to the instant appeal, plaintiff-pedestrian stepped from in front of a stopped bus and was immediately struck by an automobile as it passed the bus on the left-hand side. The court reversed the lower court and held that defendant-driver was entitled to judgment non obstante veredicto, and noted that the defendant, even if he had seen plaintiff hesitate before stepping in front of the bus "was under no obligation to anticipate that [the plaintiff would] suddenly proceed further into the cartway . . . [The defendant] had the right to expect that the others involved would exercise proper care." 414 Pa. at 242, 199 A. 2d at 462.

contributory negligence could not be inferred from the plaintiff's actions.

While it is true that where a party's mind is blank as to an accident and all its incidents, the presumption is that he did all the law required of him to do and he was not guilty of contributory negligence, *Auel v. White,* 389 Pa. 208, 132 A. 2d 350 (1957),[4] this pre-

[4] The reliance of the majority on *Robinson v. Raab,* 216 Pa. Superior Ct. 397, 268 A. 2d 225 (1970) as an application of the presumption of due care is inapposite. In *Robinson,* the plaintiff was rendered unconscious following an intersection collision and remained so for about 1½ hours. He suffered from amnesia and was unable to testify as to the accident facts. It was not contested that the light was green in favor of the plaintiff.

The court noted that although a motorist crossing an intersection with the controlling light must nevertheless exercise a high degree of care for his safety, there is *no burden imposed on him* to prove that he exercised that care. Thus, "in the absence of proof that he did not look before he proceeded to cross the [street, the court has] no right to infer that he did not do so." 216 Pa. Superior Ct. at 401, 268 A. 2d at 226. The court, having found a prima facie case of negligence by the defendant-driver and lack of negligence by the plaintiff, reversed the compulsory nonsuit.

Factually, *Robinson* can be easily distinguished from the instant appeal. *Robinson* involved an accident between two vehicles in an intersection, while in this appeal the accident took place at a point between intersections and involved a pedestrian and a vehicle. In *Robinson,* the plaintiff's proof neither proved nor disproved whether he exercised the proper degree of care for his safety, and, therefore, in order to show negligence on plaintiff's part, evidence presented by defendant would be necessary. In the instant case, the plaintiff's proof was sufficient to allow an inference of negligence. In light of defendant's lack of negligence and the high standard of care required by a pedestrian crossing between intersections, the lower court could reasonably infer that under the circumstances plaintiff being struck upon stepping from in front of a stopped bus was negligence. See *Bailey v. Gibbs,* 414 Pa. 238, 199 A. 2d 460 (1964) ; *Auel v. White,* 389 Pa. 208, 132 A. 2d 350 (1957). In any event, a loss of memory can not overcome the obvious facts. See *Snyder v. Union Paving Co.,* 170 Pa. Superior Ct. 112, 84 A. 2d 373 (1951).

sumption may be rebutted where the facts and proof reasonably establish that due care was not used. *Metro v. Long Trans. Co.,* 387 Pa. 354, 127 A. 2d 716 (1956); *Grutski v. Kline,* 352 Pa. 401, 43 A. 2d 142 (1945).

In the instant appeal the facts overcome the presumption of due care, and show plaintiff to be negligent. The fact that a pedestrian is struck on a street at a point between intersections does not of itself establish that he was guilty of contributory negligence. *Shuman v. Nolfi,* 399 Pa. 211, 159 A. 2d 716 (1960); *Nugent v. Joerger,* 387 Pa. 330, 127 A. 2d 697 (1956). In such an event, the pedestrian must use the requisite degree of care under the circumstances. *Ulmer v. Hamilton,* 383 Pa. 398, 119 A. 2d 266 (1956). It is well settled that the care required of a plaintiff crossing a street between intersections is the duty to look and it "rests at all times upon everyone in the use of streets . . . and where one steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, he is barred by his own negligence." *Dando v. Brobst,* 318 Pa. 325, 328, 177 A. 831, 832 (1935).

Since the undisputed testimony for plaintiff disclosed that he was struck just after he crossed the center line, he must have, or at least should have seen defendant's vehicle approaching. Once plaintiff passed the stopped bus, there was nothing to show that plaintiff's view was in any way obscured, and, therefore, he was bound to see that which must have been plainly visible at the time it became his duty to look. "The inference is unavoidable that if plaintiff had looked he could have averted the danger. . . . If he failed to look he was negligent and if he looked he must have seen defendant's moving vehicle and in stepping in front of it or into it was equally negligent." *Auel v. White,* 389 Pa. 208, 215, 132 A. 2d 350, 354 (1957) (plaintiff

negligent when traversing a highway and struck after crossing the center line).

I would find the defendant-driver free of negligence and plaintiff contributorily negligent, and, therefore, affirm the lower court order of compulsory nonsuit.