Frangis, Appellant, *v.* Duquesne Light Company.

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Francis A. Muracca,* for appellant.

*Robert E. Wayman,* with him *James A. Wood,* and *Wayman, Irvin, Trushel & McAuley,* for appellee.

OPINION BY HOFFMAN, J., February 27, 1975:

Nicholas Frangis, plaintiff below, appeals from the lower court's denial of his motion to remove a judgment of compulsory non-suit.

In the early afternoon of April 23, 1969, the appellant was driving his automobile in a westerly direction on Route 30 in Allegheny County, and allegedly collided with a utility pole owned by the appellee, Duquesne Light Co.[1] At the scene of the accident, Route 30 consists of three lanes in each direction, separated by a grassy and dirt medial area. The utility pole was located within the medial area, approximately ten inches from the highway. The appellant testified that he was travelling at approximately 30 miles per hour in the extreme left-hand lane when he collided with the pole.

All of the witnesses called on behalf of the appellant testified that it was raining on the date of the accident,

---

1. The appellee failed to file an answer to the appellant's complaint and thus admits that it owned or maintained the utility pole at issue.

and all agreed that the car came to rest on the divider strip with its wheels in the air. John Coyne, a tractor-trailer driver, testified that he was driving in the same direction as the appellant and viewed the occurrence through his rear view mirror. Coyne testified that he saw an "automobile travelling end over end like front to rear coming down the fast lane of the roadway, and it finally come to rest against the pole and bounced back on the ground." Officer Wood testified that the pole located at the point the car was found was bent "at the ground level at an angle." John Barsala, another eye-witness, testified that he was travelling on the other side of the highway. He corroborated Coyne's testimony that the car was "flipping", struck a utility pole, and bounced back to the ground. Significantly, Barsala contradicted the appellant's statement that he was driving in the left-hand lane, and had never changed lanes:

"Q. What lane was the automobile travelling?

A. When I first noticed the car, there was only two lanes coming on that little bridge. He would be over in the *right-hand lane* and swung over into the lefthand lane.

Q. How long did you have occasion to notice the car?

A. A couple of seconds.

Q. In those couple of seconds, what did you see this car do?

A. When it started to pass the truck, it started to flip. . . .

Q. What kind of truck was it?

A. A large truck, I don't know what . . . .

Q. And it passed the truck did you say?

A. I don't think he ever got past the truck. He started to flip when he got to the back end of the truck."

Barsala further testified that the appellant had fallen out of the car during one of the "flips" and came to rest underneath the vehicle. Neither Coyne nor Barsala was able to state what precipitated the flipping of appellant's

car. At the conclusion of the appellant's evidence, the trial judge granted the appellee's motion for compulsory non-suit.

It is axiomatic that a non-suit is properly entered only in a clear case. *Hader v. Coplay Cement Mfg. Co.*, 410 Pa. 139, 189 A. 2d 271 (1963). In passing on a motion to remove a judgment of compulsory non-suit, the plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from the evidence. Further, all conflicts in the evidence must be resolved in favor of the plaintiff. *Apple v. Reichert*, 443 Pa. 289, 278 A. 2d 482 (1971) ; *Idlette v. Tracey*, 407 Pa. 278, 180 A. 2d 37 (1962). The propriety of the lower court's ruling must be examined against the background of these well-established principles.

Utility companies have long been held liable for harm caused by the negligent placement and maintenance of utility poles. *Nelson v. Duquesne Light Co.*, 338 Pa. 37, 12 A. 2d 299 (1940) ; *Little v. Central District and Printing Telegraph Co.*, 213 Pa. 229, 62 A. 848 (1906) ; *Scheel v. Tremblay*, 226 Pa. Superior Ct. 45, 312 A. 2d 45 (1973). For the purpose of deciding this case, it may be assumed that the appellant's evidence was sufficient to send the issue of the appellee's negligence to the jury: "The realities of automobile travel, considered in light of the conditions of this particular highway and the location of the pole, are not such that a slight deviation from the paved portion of a road should be deemed such an extraordinary event as to bring this case within the narrow class of cases which should be taken from a jury." *Scheel v. Tremblay*, supra, at 50, 312 A. 2d at 47-48.

The mere existence of negligence and the occurrence of injury, however, are insufficient to impose liability upon the tortfeasor. *Dornon v. Johnston*, 421 Pa. 58, 218 A. 2d 808 (1966) ; *Cuthbert v. Philadelphia*, 417 Pa. 610, 209 A. 2d 261 (1965). The plaintiff has the burden of proving that the defendant's negligent act was a "sub-

stantial factor" in bringing about the injuries for which damages are sought. *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A. 2d 873 (1965); Restatement (Second) of Torts, §431 at 428 (1965). In its opinion, the court below stated that "[a]ssuming that Duquesne created or knew of a dangerous condition, that negligence was not the proximate cause of the injuries to Frangis." This case, however, does not present an issue of "proximate" causation, as that term has recently been defined by our Supreme Court; rather, the issue is one of *factual* causation. *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A. 2d 40 (1973).

According to the Restatement, a defendant's negligence is the "legal cause" of a plaintiff's injuries if it is a substantial factor in bringing about the harm. Defendant's negligence, however, is *not* a substantial factor "if the harm would have been sustained even if the actor had not been negligent." Restatement (Second) of Torts, §432 (1). The latter is a question of fact. In the present case, the appellee clearly owed a duty to the plaintiff, and it was manifestly foreseeable that the appellee's negligent conduct could cause injury to the appellant. Thus, there is no difficulty in finding "proximate" causation. However, the obverse of what was said in *Flickinger Estate*, supra, is apposite to this case: "It should be made clear at the outset that we are not here concerned with the concept of *factual causation*. Appellee Marona does not dispute that the jury could have and did find that but for the presence of the sewer excavation fill which Marona had piled on the berm of the roadside, George Flickinger would not have died in a collision with Ritsky's automobile. Thus liability is not blocked by the rule of the Restatement (Second) of Torts §432 (1). We are rather concerned with the problem of proximate causation, a concept which is often confused with that of factual causation. The latter is invariably a question of fact;

the former 'is essentially a problem of law . . . whether the defendant should be legally responsible for what he has caused.' W. Prosser, Law of Torts §49, at 282 (1964)." 452 Pa. at 73-74, 305 A. 2d at 42-43.

Unlike *Flickinger*, therefore, the problem in the instant case is to decide whether the lower court correctly ruled that the appellant's evidence was insufficient, as a matter of law, to prove that his injuries resulted from the appellee's negligence. In short, it must be determined whether liability is blocked by §432(1) of the Restatement.

The burden of proving factual causation lies with the appellant. It was incumbent upon him to prove that his injuries would not have been sustained had the appellee not been negligent. For example, in *Cuthbert v. Philadephia*, supra, the plaintiff was crossing a public street in Philadelphia. As the traffic light changed, she heard the screech of tires and started to run to the other side. In so doing, the plaintiff allegedly tripped over a hole in the street and sustained injuries. The Court held that the plaintiff failed to prove factual cause as a matter of law and that the trial judge erred in submitting the case to the jury: "Mrs. Cuthbert may very well have fallen into the defect as she alleged, but she has failed to prove any facts upon which a jury would have been justified in so finding." 417 Pa. at 616, 209 A. 2d at 264. Similarly, in *Barber v. John C. Kohler Co.*, 428 Pa. 219, 237 A. 2d 224 (1968), the plaintiff fell from a scaffold into an open hole. The plaintiff was removing a brace from the scaffold when it slipped, causing him to fall backward. The Court held that the trial court correctly sustained the defendant's preliminary objections because the injuries the plaintiff suffered resulted from the slipping of the brace, and not from defendant's negligence in leaving the hole uncovered. See also *Noel v. Puckett*, 427 Pa. 328, 235 A. 2d 380 (1967).

In the instant case, witnesses Coyne and Barsala testified that the appellant's automobile "flipped" end over end several times before striking the utility pole near which it eventually landed. Neither was able to state what caused the vehicle to go out of control. The appellant testified that he remembers only striking a utility pole. The appellant argues that the testimony of the three witnesses is perfectly compatible: Mr. Frangis struck a pole which caused his automobile to flip end over end until it eventually collided with a second pole, the one witnessed by Coyne and Barsala. In other words, the appellant contends that the record allows his own testimony to supply the "cause" of the flipping, and thus is consonant with the testimony of the eyewitnesses. As in *Cuthbert v. Philadelphia,* the appellant's version may very well be accurate. Unfortunately there are no facts of record which would enable the jury to support this theory.

The appellant testified that he struck *a* pole, and that is the last thing he remembers. There is no testimony regarding *which* pole the appellant struck. The appellant, therefore, has failed to show how the accident occurred. See *Watkins v. Sharon Aerie No. 327 F.O.E.,* 423 Pa. 396, 223 A. 2d 742 (1966). Moreover, the appellant's own witness, Barsala, stated that the appellant's car began to flip when it "got to the back end of the truck." This testimony is inconsistent with the version of the incident proffered by the appellant. Thus, even viewing the record in the light most favorable to the appellant, it appears that the accident would have occurred and the appellant would have been injured regardless of any negligence on the part of the appellee. Under these circumstances, the appellant has failed to prove that the negligence of the appellee was the factual cause of his injuries.

Order affirmed.

JACOBS, J., concurs in the result.