364 A.2d 724
**Ronald HINTON**
v.
**WASTE TECHNIQUES CORP. et al.**
**Appeal of WASTE TECHNIQUES CORP. (911).**
**Appeal of THERESA FRIEDMAN &**
**SONS, INC. (925).**

Superior Court of Pennsylvania.
Sept. 27, 1976.

192

John R. McConnell, Philadelphia, for appellant in No. 911 and defendant in No. 925.

Swartz, Campbell & Detweiler, Joseph F. Van Horn, Jr., Philadelphia, for appellant in No. 925 and appellee in No. 911.

Thomas B. Rutter, Philadelphia, for Ronald Hinton.

Charles W. Craven, Philadelphia, for Quick Way, Inc.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

This appeal arises from an action in trespass brought by plaintiff-appellee Ronald Hinton (Hinton) to recover

damages for injuries incurred by him in an industrial accident while at work at the place of business of his employer, additional defendant-appellant Theresa Friedman & Sons, Inc. (Theresa). The appellants' claims of error are without merit, and therefore, we will affirm the judgment of the lower court.

Theresa is a manufacturer of fruit preserves, jellies and fruit juices. In 1970, Theresa contracted with defendant-appellant Waste Techniques, Inc. (Waste) to install a waste compacting system at the Theresa plant. As part of the system, Waste had to install a steel, bridge-like plate running from a loading platform to the compactor. A person taking trash to the compactor had to cross over the steel bridge, which spanned a chasm five feet deep.

On December 9, 1970, Hinton, in the course of his duties as a utility man for Theresa, was carrying trash to the compactor when the steel plate collapsed, causing Hinton to plummet to the concrete floor below. Hinton filed suit against Waste for the injuries thus incurred, alleging negligent construction of the bridge. Waste joined Truck-A-Way, Inc. (Truck) and Quick-Way, Inc. (Quick), the trucking firms engaged in hauling trash from the compactors, and Theresa, as additional defendants.

At the close of the evidence, over Waste's objection, the lower court granted motions for compulsory nonsuits in favor of Truck and Quick. The jury then rendered a verdict in favor of Hinton against Waste and Theresa, jointly and severally, for $250,000.00.

The only allegations of error raised by Theresa concern the effect of The Pennsylvania Workmen's Compensation Act[1] on Theresa's liability. Theresa contends that the lower court erred in refusing to enter judgment in its favor because Hinton is statutorily limited to recovering

1. Act of June 2, 1915, P.L. 736, art. I, § 101 (77 P.S. § 1) et seq., as amended.

under the Workmen's Compensation Act. In the alternative, Theresa contends that the lower court erred in refusing to mold the verdict to reflect payments made under the Act.

An employee covered by the Workmen's Compensation Act forfeits his common law right to recover against his employer in trespass for injuries suffered in the course of his employment. However, in order to protect a non-employer defendant's right to contribution from the employer, the non-employer defendant may join the employer as an additional defendant, and the additional defendant employer will then have to defend the suit against the plaintiff employee just as if he were not protected by the Workmen's Compensation Act. The additional defendant employer may not raise the workmen's compensation defense against the plaintiff employee at trial. *Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956); *Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 332 A. 2d 544 (1974).

However, to say that a judgment may be recovered is not to say that it may be enforced. The workmen's compensation defense may properly be raised by an employer in any enforcement proceeding brought by the plaintiff employee as a result of a judgment rendered against the additional defendant employer. At that time, the employer is entitled to have the judgment marked satisfied. *Socha v. Metz, supra; Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940).

Thus, in this case, the Workmen's Compensation Act did not entitle additional defendant Theresa to a judgment in its favor, nor was Theresa entitled to have the verdict molded. Theresa's basic remedy is to assert the Workmen's Compensation defense against any enforcement proceeding brought by Hinton, or to appeal to the equitable side of the court to have the judgment marked satisfied. *Burke v. Duquesne Light Co., supra.*

The first contention raised by appellant Waste is that the lower court erred in granting a non-suit in favor of appellee Quick. It is well established that in considering a motion for compulsory non-suit, the adverse party must be given the benefit of all evidence favorable to him, together with all reasonable inferences deducible therefrom. That party must also be given the benefit of all conflicts in the testimony. *Frangis v. Duquesne Light Co.*, 232 Pa.Super. 420, 335 A.2d 796 (1975); *Gregorich v. Pepsi-Cola Metropolitan Bottling Co.*, 230 Pa. Super. 144, 327 A.2d 171 (1974).

Waste bases its allegation of negligence on two theories. First, it contends that the evidence established that when Quick's trucks picked up trash from the compactor, the trucks came into contact with the compactor, thus jarring loose the steel plate. Waste argues that from this evidence a jury could have concluded that Quick negligently caused Hinton's injuries. However, the testimony also revealed that the plate was loose before Quick began its collection activities; that a similar accident had occurred some time prior to the time Quick began its activities; and that the apparatus ostensibly had been repaired at that time by Waste, using the same structural design and techniques as had originally been used. This testimony was not refuted by any of Waste's witnesses. Finally, there was no testimony directly linking Quick to the damages sustained by the compactor. Even giving Waste the benefit of all the evidence and inferences, the most that Waste can be said to have established is a remote possibility that the damage was caused by Quick. Thus, a jury could not have concluded that Quick's collection techniques were negligent, nor could they have by a preponderance of the evidence concluded that Quick caused the accident.

Second, Waste contends that Alfred E. Hawthorne, Operations Manager of Quick, was aware of the

defective condition of the plate and that he should have refused to service the Theresa plant until the condition was remedied. The record reveals that Mr. Hawthorne became aware of the defective condition when he first visited Theresa, prior to the start of his company's service. At that time, Mr. Hawthorne informed Larry Friedman, Chairman of the Board of Theresa, of the defective·condition and offered to perform the necessary repairs. Larry Friedman declined the offer because all repairs to the apparatus were to be made by Waste at no cost. *Friedman told Hawthorne that the necessary repairs would be made by Waste.*

Thus, even assuming that Quick would have been under a duty to refuse to service Theresa, a proposition for which we are cited no authority, Quick.had reason to believe that the defect would be remedied. Under these circumstances, a case of negligence was not proved against Quick and the lower court properly granted the motion for compulsory non-suit.

In his opening statement, counsel for Waste stated to the jury that he would call a Dr. Christides, the examining physician, in order to establish the true extent of the injuries suffered by Hinton. During his closing argument, counsel for Hinton commented on Waste's failure to produce the doctor. Waste now contends that it was error for the lower court to permit the comment because Dr. Christides was equally available to both sides.

In Pennsylvania, a party who fails to call a witness whose testimony, presumably, would be favorable to his cause is subject to an "adverse inference" instruction, permitting the jury to infer that the witness' testimony would be unfavorable. However, the rule does not apply where the witness is equally available to both sides. *Bentivoglio v. Ralston,* 447 Pa. 24, 288 A.2d 745 (1972).

We feel that the above rule is subject to modification where the party against whom the inference is in-

voked has affirmatively stated that he will call the witness and that the witness will support certain allegations. In *Commonwealth v. Mamon,* 449 Pa. 249, 297 A. 2d 471 (1972), an inference was permitted where the defendant's attorney had stated in his opening address that the defendant's son would testify. The court ruled that the inference was proper because "counsel may not, in his opening statement, state facts which he cannot prove." 449 Pa. at 262, 297 A.2d at 478. Although *Mamon, supra,* was a criminal case, the rationale is properly applicable to civil cases. An attorney cannot promise to prove certain facts to the jury, fail to prove them, and then expect to escape with impunity. His initial comments will have raised questions in the minds of the jurors. Once the question is raised and left unanswered it is subject to fair comment by the opposing party.

Waste's next allegation of error concerns the court's charge as to calculation of damages. In his brief, appellant variously attacks the court's charge as it related to (a) expert testimony describing the present value of appellee's lost future earnings; (b) the method by which future losses are reduced to present worth; and (c) other factors which the jury should take into account in determining losses. *See Brodie v. Philadelphia Transportation Co.,* 415 Pa. 296, 203 A.2d 657 (1964). The court's charge as to calculation of damages spanned twenty pages of the record. The above topics consumed eleven of these pages. In reviewing the accuracy of a charge, the charge must be viewed in its entirety, against the background of the evidence produced in the particular case. *Whitner v. Lojeski,* 437 Pa. 448, 263 A.2d 889 (1970); *Hargrove v. Frommeyer & Co.,* 229 Pa.Super. 298, 323 A.2d 300 (1974). In this case, the lower court's charge was entirely proper. The court reviewed for the jury the expert testimony that had been presented, and, repeatedly, told them that they and they alone were to find the facts.

As appellant notes, the idea of reducing future earnings to present worth is conceptually difficult, especially for one not versed in the area of finance. The court's charge in this case, however, is a model of clarity. It represents an admirable attempt to put the concept into layman's terms. Indeed, Waste's brief does not inform us what specific errors were committed, but rests on a general allegation of error. We are not disposed to agree that this portion of the charge was erroneous.

Finally, the court's charge, although not a direct quotation of *Brodie, supra,* did inform the jury that other factors had to be taken into account in using the economist's figures. The court explained the difference between life expectancy and work expectancy, and then reminded them that the terms were only probabilities and could not be accurate for all people. The court told the jury to take into account Hinton's health and type of occupation. We feel that the jury was adequately informed as to the proper methods for calculating damages.

The remainder of Waste's allegations of error all deal with the lower court's charge to the jury. Waste alleges that the lower court failed to instruct the jury that Theresa's conduct could be a superseding cause of the accident; that the lower court failed to instruct the jury that they could find Theresa solely liable; that the court's charge on contributory negligence did not adequately leave the issue with the jury; and that the court's charge as to determining the extent of Hinton's disability was inadequate. Waste's request for a charge on the issue of superseding cause was directed solely at the conduct of Quick. Waste never informed the court that it wished the jury to consider Theresa's conduct as a superseding cause. Thus, viewed in the context of the requested charge, the court's refusal was proper. The other alleged errors were not specifically brought to the lower court's attention at the proper time. A specific

objection would have given the lower court a chance to cure any problems with the charge. Having failed to object specifically, the appellant cannot complain of the alleged errors on appeal. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

In view of the disposition we reach on the merits, the appellee's motion to quash the appeal is denied.

The judgment of the lower court is affirmed.

VAN der VOORT, J., files a concurring opinion.

VAN der VOORT, Judge (concurring).

I concur in the Opinion authored by Judge Price, but would add it appears to me that defendant-appellant, Theresa Friedman & Sons, Inc. probably has an additional remedy under the provisions of the Act of March 14, 1876, P.L. 7, 12 P.S. Section 978.