Himmelreich *v.* Beidler (et al., Appellant).

Argued January 14, 1964. Before Bell, C. J., Musmanno, Cohen, Eagen, O'Brien and Roberts, JJ.

*Mark C. McQuillen,* with him *Norman E. Dettra, Jr.,* for appellant.

*John A. Hoffert, Jr.,* with him *Matten & Cottom,* for appellee.

Opinion by Mr. Justice Musmanno, March 17, 1964:

For many years prior to November 10, 1958, it was the custom of the employees at the Karl Lieberknecht,

Inc. machine shop in Laureldale, Berks County, to leave the shop and enter, to the rear thereof, an open area for the purpose of "taking a smoke," consuming a lunch they had brought with them, or to get a lungful of uncontaminated, fresh air. On the night of the date indicated, the plaintiff in this case, who had been employed at the plant for 15 years, feeling somewhat ill, stepped out into that open space to enjoy a few draughts of revitalizing air, when he discovered before he could do anything about it, that the ground which had been solidly beneath his feet for fifteen years, was no longer there. He felt himself falling and eventually landed at the bottom of a pit, subsequently ascertained to be some 12 feet deep, 30 feet long and 10 feet wide. Unable to climb back to the surface because of the injuries he sustained in his precipitate descent, he threw stones at a window in the shop, attracting the attention of fellow-workers who, by means of a litter and ladder, lifted him to ground level and placed him aboard an ambulance which conveyed him to a hospital.

It developed later that Richard E. Law, Inc., had been engaged to make an excavation at this point so that a 10,000-gallon tank could be installed subterraneously. Law, Inc., began its excavating work on the morning of November 10, 1958, but did not erect any barriers around the deepening and widening trench nor did it employ any devices to warn the employees of the machine shop so that they might be informed of the dangerous rent in the earth which could not be seen at night because of the absence of lighting.

Himmelreich brought a suit in trespass against Law and recovered a money verdict for his injuries.[1] Law has appealed.

---

[1] The original suit also included a defendant Wm. H. Sweitzer who dropped out of the litigation through a compulsory nonsuit. Law brought in Himmelreich's employer, Karl Lieberknecht as an

The appellant argues that Earl Himmelreich was guilty of contributory negligence as a matter of law because he entered into a darkened area at night, thus failing to exercise the reasonable care which was his duty. The locus in quo here was a clearing in which the Lieberknecht employees had built cement and wooden benches and which they used, as already stated, as a spot for brief relaxation periods. It was not lighted at night because the company regulations forbade illumination under the circumstances obtaining at the time of the accident. Samuel I. Fry, watchman and fireman at the plant, testified: "Q. Were there any regulations in the plant with respect to this light or any other lights? A. There was a notice put up in the shop no lights on where the shop wasn't operating."

He specified further that the shop at that point that night was not operating: "Q. Now immediately inside of this door was there anybody working the 3:00 to 11:00 shift? A. No. Q. Were the lights on immediately inside of this door? A. No."

Thus, Himmelreich was under orders by his employer not to turn on the lights. Accordingly, it cannot be said that as a matter of law he was charged with the responsibility of turning on lights, contrary to his employer's orders.

But even if caution and prudence would have dictated defiance of his employer's orders so as to avoid a possible hazard, there was nothing in the physical layout of the situation to remotely suggest that a hole would be dug immediately outside an exit, without advance warning. Himmelreich was familiar with the terrain. He had no legal responsibility to anticipate a hole at the threshold of an exiting door when there hadn't been a hole there before—for fifteen years.

---

additional defendant, his responsibility, of course, being limited to the workmen's compensation involved.

Even so, whether he acted as a reasonably prudent person under all the circumstances was strictly a question of fact for the jury, and this question was submitted to the jury under appropriate and able judicial instructions.

It is to be noted in this connection that the excavating, which produced the hole, began on the morning of the day of the accident. Himmelreich reported for work at 3 p.m. He had no occasion to go near the area where the digging was taking place, nor, because of noises in the shop could he hear the sounds emanating from the digging job.

The appellant cites cases where recovery was denied as the result of persons entering into darkness to their injury, but those cases are easily distinguishable from the one at bar because, as already stated, the plaintiff here knew the environment, he was not testing a danger, he was not exploring terra incognita, he was proceeding to a spot which for 15 years had remained unchanged and constant and he was entering into this area for the most elementary, indispensable ingredient of life—fresh air.[2]

Judgment affirmed.

[2] *Clewell v. Pummer*, 384 Pa. 515; *Mogren v. Gadonas*, 358 Pa. 507; *Dively v. Penn-Pittsburgh Corporation*, 332 Pa. 65.