425 A.2d 809

**Anna MAZZA, Appellant,**

v.

**Carl MATTIACE and John Gillespie.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Feb. 13, 1981.

274

George Martin, Philadelphia, for appellant.

Michael L. Murphy, Media, for Mattiace, appellee.

Andrew Forbes, Media, for Gillespie, appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

CAVANAUGH, Judge:

The dispute in this case centers around a two-vehicle accident which occurred on the evening of October 25, 1976. The appellant, Anna Mazza, was a passenger in the car driven by Carl Mattiace, appellee. John Gillespie, also an appellee, was the driver of the other vehicle. Mrs. Mazza, who was injured in the accident, filed suit against both drivers.

Undisputed testimony indicated the following facts: Mattiace and appellant were traveling westward on West Chester Pike, Newtown Township, Delaware County, toward the Drexel Lodge. Mattiace missed the crossover to the Drexel Lodge and stopped his car. He then proceeded to place his

* Judge JOSEPH F. O'KICKI of the Court of Common Pleas of Cambria County, is sitting by designation.

car in reverse, back up, cross the two westerly lanes and drive through the crossover leading to the driveway of the Drexel Lodge. Meanwhile the Gillespie vehicle was heading eastward. The cars collided as Mattiace was attempting to cross the eastbound section of the highway. The impact to the Gillespie vehicle was to the front. The impact to the Mattiace vehicle was to the passenger side in the vicinity of the door.

In presenting her evidence, Mrs. Mazza testified first. She remembered the car backing up on the highway and commencing the left turn, but did not remember the actual impact. She testified on cross examination that it was drizzling and foggy that night in the area where the accident occurred. Appellee Gillespie, called on cross examination, stated that he had no recollection of the accident (Mr. Gillespie suffered head injuries as a result of the accident.) Appellant called Officer Welch of the Newtown Police Department who testified that both cars came to rest on the eastbound section of the highway. He also stated that visibility was clear for three-tenths of a mile in both an easterly and westerly direction, and that the road was dry. He found no skid marks in the eastbound lanes. He ascertained that the Gillespie vehicle came to rest approximately sixty to seventy feet east of the driveway to the Drexel Lodge; and that the Mattiace vehicle was partially on the medial strip and partially in the eastbound section of the highway on an angle. At the time of the accident Mattiace told Officer Welch that he did not see the Gillespie vehicle prior to the collision. At the close of plaintiff's case, the lower court granted a compulsory nonsuit as to John Gillespie.

During the presentation of his case defendant Mattiace testified that he was hit by the Gillespie vehicle as he was turning onto the eastbound section of the highway. He did not stop before turning into the eastbound lane even though the medial strip was wide enough to permit his car to stop and be out of the lanes of traffic. Prior to the impact he did not see any lights, hear any horn, hear any brakes screech or

hear any tires screech. He further testified as to the weather conditions as intermittent drizzle and patchy fog.

After testimony presented by the defendant Mattiace, the jury rendered a verdict in favor of him. The lower court refused the motion to take off the compulsory nonsuit as to Gillespie, and a motion for a new trial as to Mattiace. From these determinations Mrs. Mazza appeals. We reverse.

■ Appellant argues that the lower court erred in granting the nonsuit at the close of the plaintiff's case.[1] In *Frank v. W. S. Losier & Company*, 361 Pa. 272, 64 A.2d 829 (1949), it was held that the proper practice before entering a nonsuit in favor of one or more defendants is to allow the other defendants to present their testimony on the question of liability of each and all of them. *See also Loch v. Confair*, 372 Pa. 212, 93 A.2d 451 (1953); *Smith v. Lit Brothers*, 174 Pa.Super. 102, 100 A.2d 390 (1953).

■ We think this principle as to the grant of nonsuits in multi-defendant litigation is sound and reaffirm its applicability. In support of this reaffirmation we note that a nonsuit is an extraordinary intervention into the jury process and as such is properly entered only in a clear case. *Hader v. Coplay Cement Manufacturing Company*, 410 Pa. 139, 189 A.2d 271 (1963); *Frangis v. Duquesne Light Company*, 232 Pa.Super. 420, 335 A.2d 796 (1975). A nonsuit may not be granted unless the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119

1. Appellee Gillespie argues and the lower court states that the appellant has failed to preserve this issue for appeal under *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). However, counsel for the appellant asserted during arguments on the motion by Gillespie for a compulsory nonsuit that there was sufficient evidence to take the appellant's case against Gillespie to the jury. When the compulsory nonsuit was entered as to Gillespie, counsel for the appellant made a timely exception to that ruling. Thus the issue has been sufficiently preserved for appeal.

(1978). Further, experience has shown that in multi-defendant litigation the evidence of one defendant may inculpate another the same as if introduced as part of plaintiff's case. *See Smith v. Lit Brothers, supra; Jinks v. Currie,* 324 Pa. 532, 188 A. 356 (1936). If a nonsuit has already been granted as to that defendant there is a serious risk that the case will not be disposed of on its merits. Finally, if the whole record is devoid of evidence from which a jury might find a defendant liable there is time enough to eliminate that defendant by granting an appropriate motion for a directed verdict.

However, as the lower court noted in rejecting appellant's argument that a nonsuit had been improperly granted, our courts have recognized that there are situations in which a nonsuit is properly entered in favor of one of multiple defendants at the conclusion of plaintiff's case. For this proposition the lower court cited *Brazel v. Buchanan,* 404 Pa. 188, 171 A.2d 151 (1961); *Liuzzo v. McKay,* 396 Pa. 183, 152 A.2d 265 (1959); and *Himmelreich v. Beidler,* 55 Berks Co. 185, aff'd. 413 Pa. 464, 198 A.2d 562 (1964). The court misapplied these cases, however, for they are readily distinguished from the situation before us.

In *Brazel v. Buchanan, supra,* the plaintiff was injured in two accidents separated by a period of several minutes. The court approved the grant of a nonsuit at the close of plaintiff's case in favor of a defendant who was directly involved in the first accident only, noting that the inebriated plaintiff's contributory negligence in bringing about the first accident was clear. The court distinguished *Frank v. Losier & Co., Inc., Loch v. Confair* and *Smith v. Lit Brothers,* all *supra,* on the ground that each of those three cases involved the more common factual situation in which the plaintiff is injured in a single accident and sues multiple defendants.

In *Liuzzo v. McKay, supra,* a wrongful death suit arising out of a three-vehicle collision, a nonsuit was granted in favor of one defendant, Bucks Rental Co., at the close of plaintiff's case. The Supreme Court, in affirming the grant

of the nonsuit, stated, "There is no testimony in the case whatsoever, from any source, to connect the defendant Bucks Rental Co. in this matter. . . ." 396 Pa. at 187, 152 A.2d at 268.

In *Himmelreich v. Beidler, supra,* plaintiff exited his place of employment into a darkened outdoor area and fell into an unguarded excavation. The sole connection of the dismissed defendant with the occurrence was that he had rented a power shovel together with an operator to the excavating company. The trial court explained that it would not have granted the nonsuit had there been any indication that the excavating company would implicate the dismissed defendant. 55 Berks Co. at 188.[2]

In short, in an action in tort there is authority for granting a nonsuit at the close of plaintiff's case in favor of one defendant, but only when it is clear that the other defendants cannot or will not tortiously implicate the dismissed defendant.

In the instant case there was a significant possibility that defendant Mattiace could and would present evidence tortiously implicating codefendant Gillespie, the driver of the vehicle with which he had collided. It would be difficult to hypothesize a situation more suited to the application of the principle that the plaintiff is entitled to the benefit of all the defendants' evidence before absence of liability on the part of any defendant is judicially determined. *See Frank v. Losier & Co., supra.*

In holding that the nonsuit was proper because defendant Mattiace did not present evidence "sufficient to raise an inference that defendant Gillespie was negligent," the court below was in error. Even if Mattiace's evidence, when offered, was not sufficient to raise an inference that Gillespie was negligent, a point upon which we defer ruling, this would not retrospectively justify the nonsuit. Mattiace lost significant incentive to prove that Gillespie was at fault

2. The propriety of the grant of the nonsuit was not addressed by the Pennsylvania Supreme Court in its opinion.

after Gillespie was dismissed from the case. Gillespie, of course, lost all opportunity to present evidence that Mattiace was at fault. The error of the court below in granting a nonsuit to Gillespie tainted the verdict since the jury did not have the benefit of all the evidence which might have been submitted in the absence of the improperly granted nonsuit. Thus, we cannot justify the untimely removal of Gillespie as a defendant on the basis of harmless error.

■ Moreover, the record discloses no reasonable explanation for the happening of this two-car collision that does not involve some negligence on the part of at least one of the driver-defendants. Therefore, a verdict depriving the innocent passenger-plaintiff of a recovery for her injuries is against the weight of the evidence. *See Fair v. Snowball Express, Inc.*, 226 Pa.Super. 295, 310 A.2d 386 (1973).

Consistent with the foregoing discussion, the only appropriate remedy is the grant of a new trial as to both Gillespie and Mattiace. Due to this disposition it is not necessary to discuss plaintiff's remaining arguments.

Reversed and new trial granted.