465 A.2d 1280

**Kim EAGLESON**

v.

**Carmen MALONE and Robert Peart.**

**Appeal of Carmen MALONE.**

Superior Court of Pennsylvania.

Argued March 31, 1982.

Filed Sept. 23, 1983.

164

William H. Kinkead, Norristown, for appellant.

Albert S. Fein, Philadelphia, for Eagleson, appellee.

Frederick T. Lachat, Philadelphia, for Peart, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

McEWEN, Judge:

Appellant claims in these consolidated appeals that the trial judge erred in connection with each of two orders with regard to the liability of parties to this personal injury action. Appellee Eagleson was a passenger upon a motorcycle operated by appellee Robert Peart when it collided with an automobile operated by appellant Carmen Malone. Appellee Eagleson initiated a suit in trespass against appellant Malone to effect a recovery for the serious injuries she

suffered as a result of the collision. Appellant Malone joined appellee Peart as an additional defendant. The trial was conducted before the distinguished Judge Samuel W. Salus and a jury and, at the conclusion of the testimony, the trial judge granted the motion for a non-suit that had been filed by appellee Peart, the additional defendant. As a result, the sole issue for the determination of the jury was the negligence of appellant Malone, the named defendant in the trespass action. The jury found in favor of appellant Malone. Appellee Eagleson filed a motion for new trial and a motion for judgment n.o.v., while appellant Malone filed a motion to remove the compulsory non-suit that had been entered in favor of appellee Peart as additional defendant. After argument before the court en banc, the court entered an Order that (1) denied the motion of appellant Malone to remove the non-suit in favor of appellee Peart, (2) granted the motion of appellee Eagleson, the plaintiff, that judgment n.o.v. be entered in her favor and (3) directed that a trial be conducted solely upon the issue of the damages to be awarded appellee Eagleson. We reverse and remand for a new trial upon all of the issues.

Appellant Malone was operating his automobile in a northerly direction on a two lane highway at approximately 5:00 p.m. on a clear, sunny, summer afternoon when he approached an intersection into which he intended to make a lefthand turn so as to travel in a westerly direction. Appellee Peart was operating his motorcycle in a southerly direction upon the same roadway and appellee Eagleson was a passenger upon that vehicle. The roadway upon which both vehicles were traveling widens at the intersection so that there are two through lanes and a left turn lane in each direction. The testimony of the investigating police officer disclosed that the two through lanes are controlled by overhead signals with the sequence of amber, red and green, while the lefthand turn lanes are controlled by a separate traffic standard erected upon a medial barrier, bearing a sign indicating that it is a left turn signal and utilizing a sequence of amber, red and green arrow. The

officer testified that the overhead signals for the through traffic in either direction are red when the lefthand turn signal is green or amber and the lefthand turn signal is red when the overhead signals for the through traffic are green or amber, and further stated that he determined, as part of his accident investigation, that the traffic signals were all working in proper sequence. Appellant Malone testified that in preparation for a lefthand turn, he moved into the lefthand turn lane and was traveling at approximately thirty miles per hour and was roughly forty feet from the traffic standard when he noticed the green signal for lefthand turn traffic. He related that the light never changed and he never stopped from that time until the collision occurred, that he never saw the motorcycle at any time prior to the impact and that, while he had looked in a northerly direction for southbound through traffic when he was some forty feet from the intersection, he did not thereafter look for such traffic since he had the green left turn arrow.

Two disinterested eyewitnesses, one the driver and the other a passenger in the second car behind appellant Malone in the lefthand turn lane, both testified that the vehicle of appellant and their vehicle had been waiting for the green turn signal when the vehicle of appellant proceeded into the southbound lane of the highway without a green lefthand turn signal.

Appellee Peart, the motorcycle operator testified that he injured his head in the accident and that, while he remembered that he was shopping at a mall sometime prior to the accident, he had no recollection of leaving the mall or of any of the events of the journey between the mall and the scene of the accident. Appellee Eagleson, the opinion of the trial judge notes, was unable, due to traumatic amnesia, to offer testimony concerning the occurrence itself.

The testimony of the accident investigation officer was that the impact was in the southbound through lane in the middle of the intersection and that the front of the cycle

collided with the right front fender of the automobile. Appellant in his brief asserts:

> The trial court erred in granting Peart's motion for compulsory non-suit because there was evidence from which the jury could have found him negligent.

> The trial court erred in granting plaintiff Eagleson's motion for judgment n.o.v.

██  The learned trial judge declares in his opinion that the verdict against the plaintiff, the injured motorcycle passenger, "was the most outrageous miscarriage of justice the court has yet seen in his career as lawyer and judge" and proceeds to express his view as to the reasons for the verdict:

> The reason for this outrageous and unjust verdict unsupported in the evidence was because of some indescribable prejudice against motorcycles or against the plaintiff who was an Oriental-American living with a Caucasian and her suing of an old and incompetent driver who was totally negligent and whose ethnicity conformed to a great majority of those on the jury. In presenting his testimony, the defendant could hardly walk and was a prime example of those having licenses who should be reviewed by the State as to capability to drive. Defendant's driving incompetence was memoralized in his testimony and amounted to negligence *per se*.

If our trial judges are to be the guardians who ensure that our courts provide for equal justice to all, a trial judge must be sensitive to prejudice and alert to intolerance. Since the chambers of those who conduct appellate review are so distant and insulated from the scene of such a display and since the torment of bias, like a raw cutting wind, can neither be seen nor spread upon the record but, nonetheless, can be keenly felt, we may not challenge, without abundant and overwhelming reason, such a conclusion by the trial court. The trial judge acted properly in rejecting so jaundiced a verdict.

██  The court here quite properly overturned the verdict of the jury in favor of appellant Malone, aside from any

influence that prejudice might have effected, since the verdict was completely contrary to the weight of the evidence. First, the testimony of appellant Malone was severely contradicted by the testimony of the two disinterested eyewitnesses. Second, as the trial judge noted in his opinion, the testimony of appellant Malone himself revealed him to be negligent since he did not check the left turn traffic signal at any time subsequent to the moment that he was forty feet from the intersection and since he did not look in a northerly direction for southbound through traffic at any time after the moment he was some forty feet from the intersection. *See Morgan v. Philadelphia Electric Co.*, 299 Pa.Super. 545, 445 A.2d 1263 (1982).

As a result of all of these factors, we conclude that the trial court quite properly overturned the verdict of the jury in favor of appellant Malone. However, we cannot agree that judgment n.o.v. should have been entered in favor of appellee Eagleson. Rather, since we are of the mind that it was error to grant the motion for a compulsory non-suit by appellee Peart as additional defendant, a new trial must be conducted so as to enable the jury to weigh in what manner and to what extent, if any, appellee Peart may have been responsible for the collision.

■ As compelling as may be the testimony of the two disinterested eyewitnesses toward the conclusion that appellant Malone was the sole and only cause of this accident, a jury must be permitted to consider:

> The testimony of appellant Malone that the left turn signal was green when he was forty feet from the intersection and that it remained green until the time of the collision.

> The argument of appellant Malone that the operator of the motorcycle should have had such control of his vehicle as would have enabled him to avoid the collision by either bringing the motorcycle to a halt or by swerving from the path of the automobile of appellant Malone.

Our distinguished colleague, Judge James R. Cavanaugh, reiterated that a non-suit may be entered only in quite limited narrow situations:

[W]e note that a nonsuit is an extraordinary intervention into the jury process and as such is properly entered only in a clear case. *Hader v. Coplay Cement Manufacturing Company*, 410 Pa. 139, 189 A.2d 271 (1963); *Frangis v. Duquesne Light Company*, 232 Pa.Super. 420, 335 A.2d 796 (1975). A nonsuit may not be granted unless the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978).

*Mazza v. Mattiace*, 284 Pa.Super. 273, 277, 425 A.2d 809, 811–12 (1981).

As strained as might be the possibility that an unbiased jury would find appellant Malone was fault free in the face of the testimony of the two disinterested eyewitnesses, it would not be unreasonable for a jury to conclude the operator of the motorcycle was partially responsible for the occurrence. Therefore, we find that the trial judge should have denied the motion of the motorcycle operator for a compulsory non-suit.

The Order refusing the motion to remove the non-suit is reversed.

The Order granting judgment n.o.v. in favor of appellee Eagleson is reversed.

The Order granting a new trial is affirmed. The trial is to be a de novo proceeding upon all issues including liability.

Case remanded. Jurisdiction is relinquished.

POPOVICH, J., concurs in the result.