607 A.2d 297

David PTAK

v.

MASONTOWN MEN'S SOFTBALL LEAGUE, Appellant,

v.

Steven BURCHIANTI, Vince Zapatosky, (Joseph Volansy
and Norman Davis, Dismissed), Appellees.

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed April 30, 1992.

426

James J. Nesser, Uniontown, for appellant.

Thomas W. Smith, Greensburg, for appellee Burchianti.

Gary A. Falatovich, Greensburg, for appellee Zapotosky.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Fayette County which denied appellant's motion to remove a non-suit entered in favor of defendant Vince Zapotosky. Herein, appellant raises the following questions:

I. Whether the learned trial judge erred in granting the non-suit in favor of the defendant, Vincent Zapotosky, contrary to the provisions of Pennsylvania Rule of Civil Procedure 224?

II. Whether the learned trial judge erred in granting the defendant, Vincent Zapotosky, a compulsory non-suit at the close of the plaintiff's case as to the liability, contrary to the provisions of Pennsylvania Rule of Civil Procedure 230.1?

III. Whether the learned trial judge erred in granting the defendant, Vincent Zapotosky's request for a compulsory non-suit, contrary to the provisions of Pennsylvania Rule of Civil Procedure 2232(d)?

IV. Whether the learned trial judge erred in granting the defendant, Vincent Zapotosky, a compulsory non-suit, because there did exist sufficient evidence demonstrating the defendant's introduction of the baseball donut, contrary to league rules, onto the softball field on August 8, 1984, which was a substantial factor in causing the plaintiff's injuries, thus creating a factual issue for the jury's consideration?

Having determined that the lower court properly granted a non-suit in Zapotosky's favor, we affirm.

The record reveals the following facts: Appellant filed this personal injury action against several defendants, including Steven Burchianti and appellee, Vince Zapotosky. Prior to trial, upon the motion of appellee, the case was bifurcated with respect to the issues of liability and damages.

During the liability phase of the trial, testimony revealed that on August 8, 1984, appellee inadvertently brought a baseball batting ring or "doughnut" to the soft ball game.[1] Appellee did not intend for anyone to use the batting ring nor did he authorize anyone to use it. Unbeknownst to appellee, Steven Burchianti took the doughnut from the dugout. While Burchianti was warming-up with the ring on his softball bat, the doughnut flew off the bat and struck appellant in the face, severely injuring him.

Appellant alleged there was a league rule prohibiting the use of batting doughnuts. However, in his deposition, league president Joseph Volansky stated that he did discuss prohibiting the use of batting doughnuts with the league's

---

1. Prior to attending the softball game, appellee was at baseball practice. His mother picked him up from baseball practice and dropped him off at the softball field. Appellee had his baseball equipment with him and placed that equipment in the corner of the dugout. The weighted ring was on his baseball bat which he had used earlier at baseball practice.

managers but no formal rule was ever adopted. He stated that he had not personally spoken with appellee regarding the use of batting doughnuts, and he was not aware whether his discussions with team managers was disseminated to the players in the league. He also noted that some American Softball Association leagues permit the use of batting doughnuts, while others do not.

After appellant finished his proof concerning liability, appellee moved for and was granted a compulsory non-suit. Appellant then filed a motion to remove the non-suit which was denied. This appeal followed.

 Appellant first challenges the lower court's decision to bifurcate the trial on the issues of liability and damages. The court's decision to bifurcate a trial will not be disturbed absent an abuse of discretion. *Coleman v. Philadelphia Newspapers,* 391 Pa.Super. 140, 145–146, 570 A.2d 552, 555 (1990); *Sacco v. City of Scranton,* 115 Pa.Cmwlth. 512, 517, 540 A.2d 1370, 1372 (1988). Pursuant to Pa.R.C.P. 213(b), the court may order bifurcation of trial issues in furtherance of convenience or to avoid prejudice. *Coleman,* 391 Pa.Superior Ct. at 145, 570 A.2d at 555 (collecting cases); see also Pa.R.C.P. 224, Regulation of Order of Proof. Before ordering bifurcation, the court should carefully consider the issues raised and the evidence to be presented to determine whether the liability and damages issues are interwoven, as is often the case in personal injury litigation. *Stevenson v. General Motors,* 513 Pa. 411, 422–423, 521 A.2d 413, 419 (1987); *Coleman,* 391 Pa.Superior Ct. 146, 570 A.2d at 555.

 Instantly, bifurcation was not an abuse of discretion. Appellant argues that the testimony of several physicians concerning appellant's injuries to be presented during the damages phase of the trial would have corroborated the causation issue regarding the use of the batting doughnut, and, thus, bifurcation was not proper. However, it was undisputed that appellant's injuries were sustained when he was hit in the face by the batting ring. Accordingly, corroboration by the physicians was unnecessary to estab-

lish causation. Moreover, bifurcation insured that the jury's decision as to liability would not be tainted by sympathy for appellant, occasioned by the severity of his injuries. Undoubtedly, the lower court's decision facilitated the orderly presentation of evidence and avoided prejudice. Accordingly, we find no error.

■ Second, appellant argues that the lower court was not authorized by Pa.R.C.P. 230.1 to grant a compulsory non-suit to one of two "jointly and severally liable" defendants. Although appellant is correct that the lower court was not authorized to grant a compulsory non-suit by Pa.R.C.P. 230.1, which pertains to trials involving only one defendant, the trial court was clearly permitted pursuant to Pa.R.C.P. 2232(d) to enter a non-suit in an action involving multiple defendants in favor of any defendant shown not to be liable either jointly, severally or separately. *Frank v. W.S. Losier & Co.*, 361 Pa. 272, 64 A.2d 829 (1949); *Capan v. Divine Providence Hospital*, 270 Pa.Super. 127, 410 A.2d 1282 (1979).[2]

■ Third, appellant contends the court erred in granting the non-suit in favor of appellee before all additional defendants had an opportunity to present their evidence of liability. Appellant is legally correct that it is improper to grant a non-suit in favor of one defendant before the other defendants have an opportunity to present their cases. *Pushnik v. Winky's Drive–In Restaurants, Inc.*, 242 Pa.Super. 323, 363 A.2d 1291 (1976). However, a non-suit may be granted in favor of one defendant at the close of plaintiff's case when it is clear that the other defendants cannot or will not tortiously implicate the dismissed defendant. *Mazza v. Mattiace*, 284 Pa.Super. 273, 278, 425 A.2d 809, 812 (1981). Instantly, at the time appellant moved for a compulsory non-suit, defendant Steve Burchianti joined in

2. In fact, appellant's argument is directly contradicted by *Frank, supra,* wherein our Supreme Court noted that Pa.R.C.P. 2232(d) was enacted in order to abrogate the strict common-law rule that, where joint liability was pleaded, plaintiff was obligated to recover against all or none.

the motion. Thus, it is clear that neither defendant intended to present testimony with respect to liability following the close of plaintiff's case.[3] Further, counsel for both defendants entered a stipulation indicating that they did not intend to present further testimony as to liability. Therefore, we find no error in granting a compulsory non-suit in appellee's favor since no one was denied the opportunity to present evidence prior to entry of the non-suit.

■ Finally, appellant argues that the lower court erred in granting the compulsory non-suit because there was sufficient evidence presented to send to the jury the questions of whether appellee was negligent and whether his negligence was a substantial factor in causing appellant's injuries. A non-suit may not be granted unless the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jefferies,* 474 Pa. 588, 379 A.2d 111 (1977); *Mazza,* 284 Pa.Superior Ct. at 279, 425 A.2d at 811–812.

■ Upon review of the record, the facts warranted the granting of a compulsory non-suit in appellee's favor. Appellee inadvertently brought the baseball batting ring to the softball game. He left the batting ring on his baseball bat in the dugout and did not intend for anyone to use it. Defendant Burchianti used the ring without appellee's permission or knowledge. Contrary to appellant's contention, there was not a league rule against the use of batting ring. Further, there was no evidence that appellee knew of or should have known of any restriction on the use of batting rings. Even if there was a league rule restricting the use of doughnuts, the mere possession of a batting doughnut was not prohibited. Finally, it is abundantly clear that a batting doughnut is not an inherently dangerous instrumentality capable of causing harm on its own. It is capable of

---

**3.** In fact, the only remaining witnesses as to liability who could have been called to testify by either defendant were the defendants themselves. We note that both defendants testified extensively during plaintiff's case-in-chief.

causing harm only if defective (which was not alleged) or used improperly, and there is no evidence suggesting appellee used the doughnut or authorized its use at the time of appellant's injury.

In sum, the record is devoid of any evidence which suggests that appellee was negligent simply because he brought a batting ring to the softball field. As such, we find that the lower court acted properly in granting a compulsory non-suit in appellee's favor.

Order affirmed.