## Geiswite v. Warner

*J. Michael Williamson,* for plaintiffs.
*Daryl R. Slimac,* for defendant George Warner.

SAXTON, *J.,* September 13, 1993—

## PROCEDURAL BACKGROUND AND FACTS

This action arises out of an accident which occurred on November 11, 1990. At approximately 6:45 a.m., plaintiff, Glenn Geiswite, was walking south across Park Avenue in Woolrich, Pennsylvania, on his way to work. Plaintiff attempted to cross this two-way street when he was struck by defendant Warner's west-bound automobile. As a result of the accident, plaintiff sustained various injuries.

On January 19, 1992, the complaint was filed by plaintiffs, Glenn and Doris Geiswite, against George L. Warner, Pine Creek Township, Commonwealth of Pennsylvania and PennDOT. An order of dismissal was filed on October 14, 1992, wherein all parties agreed to dismiss Pine Creek Township, Commonwealth of Pennsylvania and PennDOT from the action. A trial in this matter has been scheduled to commence on November 15, 1993. Presently before the court are the motions in limine by both plaintiffs and defendant Warner. The court will address each of these motions separately in the following discussion.

## AMENDMENT OF CAPTIONS

In the present case, the court entered an order on October 14, 1992, dismissing all defendants with the

exception of defendant Warner. Plaintiffs now seek leave of court to amend the caption of this case to reflect the order of dismissal and to preclude any reference to other defendants either through proof or argument at trial. Plaintiffs argue that the jury should not be given the opportunity to speculate as to the reason for the identification of the remaining parties in the caption if they are no longer involved with the case. Moreover, plaintiffs contend that the removal of former defendants from the caption precludes any discussion by defendant Warner regarding liability of the dismissed defendants for plaintiffs' damages. Defendant Warner, however, alleges that prohibition of references at trial to the dismissed defendants would unfairly prejudice defendant's case.

"It has long been held in this Commonwealth that parties are liberally granted leave to amend their pleadings." *Frey v. Pennsylvania Electric Company*, 414 Pa. Super. 535, 538, 607 A.2d 796, 797 (1992), citing *Biglan v. Biglan*, 330 Pa. Super. 512, 520, 479 A.2d 1021, 1025 (1984). Pursuant to Pa.R.C.P. 1032, "a party, either by filed consent of the adverse party or by leave of court, may at any time change the form of the action, correct the name of a party or amend his pleading." "Although the determination of whether to grant leave to amend is within the sound discretion of the trial court, leave should be granted at any stage of the proceedings unless such amendment violates the law or unfairly prejudices the rights of the opposing party." *Id.* at 538, 607 A.2d at 797.

With these standards in mind, the court will grant plaintiffs' request to amend the caption. However, since the court finds defendant Warner would be unfairly prejudiced, plaintiffs' request to preclude any references to former defendants at trial is denied.

## BIFURCATION OF LIABILITY AND DAMAGES PHASES OF TRIAL

The next motion in limine to be addressed is made by defendant Warner. He requests the court to order a bifurcation of the liability and damages phases of the case. Defendant contends that several important purposes will be served through bifurcation, including the orderly presentation of evidence and avoidance of prejudice. Plaintiffs, however, argue that bifurcation is inappropriate since it is plaintiffs' position that the degree of injuries may have a bearing upon this jury's determination of liability.

In accordance with Pa.R.C.P. 213(b) and 224, "the court may order bifurcation of trial issues in furtherance of convenience or to avoid prejudice.... Before ordering bifurcation, the court should carefully consider the issues raised and the evidence to be presented to determine whether the liability and damages issues are interwoven...." *Ptak v. Masontown Men's Softball*, 414 Pa. Super. 425, 429, 607 A.2d 297, 300 (1992). (citations omitted)

Upon a thorough review of the court file, the court finds bifurcation of the liability and damages phases of the trial is appropriate in this case. As noted by counsel for both parties in a pre-trial conference held on October 7, 1993, a substantial number of damages witnesses may be called by plaintiffs and/or defendant compared to the number of witnesses to be called on the issue of liability. Counsel for both parties also agree the presentation of their cases on the issue of liability will take no more than one day. Additionally, it does not appear the issues of liability and damages are interwoven to the point of resulting in prejudice to either party. Accordingly, the motion for bifurcation is granted.

The liability phase of the case will be heard and decided by the jury before proceeding with the damages phase.

## PROOF OF MEDICAL EXPENSES

The final motion in limine concerns the introduction of proof of medical expenses paid by insurance. In the present case, the medical expenses of Mr. Geiswite have been paid for by insurance. Since plaintiffs have recovered these expenses, defendant Warner argues that plaintiffs are precluded not only from recovering the amount of benefits paid, but also from admitting the bills into evidence. Plaintiffs, however, contend that even though the medical bills are non-recoverable, they should be allowed to introduce them as factors to be considered by the jury in determining pain and suffering. To address this issue, the court must first look to section 1722 of the Motor Vehicle Financial Responsibility Act.[1] Section 1722 provides:

"In any action for damages against a tort-feasor a person who is eligible to receive benefits under the coverage set forth in this subchapter, or worker's compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or worker's compensation or any program, group contract or other arrangement for payment of benefits as defined in section 1719." *Id.*

The above language reflects an amendment to section 1722 which became effective July 1, 1990, and which was in effect on November 11, 1990, the date of the accident.

---

1. 75 Pa.C.S. §1722.

The court notes that section 1722 formerly read, "shall be precluded from *pleading, introducing into evidence,* or *recovering* the amounts of benefits paid or payable." Plaintiffs argue that the elimination of the prior preclusion from "pleading" or "introducing into evidence" the amount of benefits paid or payable allows them now to introduce into evidence the medical expenses of Mr. Geiswite. Plaintiffs further contend that the legislature intended to allow these expenses to be considered regardless of past case law to the contrary.

Unfortunately, no case law has been cited by either party that is on point and was decided after the 1990 amendment to section 1722. Instead, both parties make reference to *Martin v. Soblotney,* 502 Pa. 418, 466 A.2d 1022 (1983). In *Martin,* the court noted:

"It is well established that the fundamental consideration in determining the admissibility of evidence is whether the proffered evidence is relevant to the fact sought to be proved. Evidence is relevant if it tends to make a fact at issue more or less probable." *Id.* at 422, 466 A.2d at 1024.

As to whether the dollar amount of the medical services is probative of the degree and extent of the plaintiff's pain and suffering, the court in *Martin* went on to conclude:

"It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury....Thus the fact that a particular amount of money was expended to treat an injury bears no logical correlation to the degree of pain and suffering which accompanied the injury to the plaintiff in question, forces the conclusion that such evidence possesses no probative value in a determination as to the appropriate

monetary compensation to be awarded. Evidence of the cost of medical services is therefore irrelevant and, consequently must be held to be inadmissible for that purpose." *Id.* at 423, 466 A.2d at 1025.

*Martin* continued to be the prevailing view even up until the time of the 1990 amendment to section 1722. See *Postoria v. Schrope*, 736 F. Supp. 639 (Ed. Pa. 1990).

Since the intent of the legislature is not clear and the case law does not address the legislative changes, the court finds itself with a case of first impression. This court, therefore, must be guided by basic principles of statutory construction set forth in 1 Pa.C.S.§1922. Specifically, the court looks to section 1922(1) which provides "that the general assembly did not intend a result that is absurd, impossible of execution or unreasonable."

With this principle in mind, the court finds that section 1722 continues to preclude the pleading and introduction into evidence proof of medical bills. If the court were to allow introduction of this evidence, the jury would then need to be instructed as to why these bills are not recoverable. Everyone agrees the reason in this case is because the bills have been paid for by insurance. "The general rule in Pennsylvania is that evidence of insurance is irrelevant, prejudicial and justifies grant of a mistrial." *Paxton National Insurance Company v. Brickajlik*, 513 Pa. 627, 631, 522 A.2d 531, 533 (1987). The *Paxton* court went on to find that the factfinder should not be tempted to render decisions based upon extraneous considerations that an insurance company would actually pay the bill. *Id.* at 631, 522 A.2d at 533. Also see, *Hannis v. Ashland State General Hospital*, 123 Pa. Commw. 390, 400, 554 A.2d 574, 579 (1989).

In the instant case, any mention of the medical expenses automatically raises issues of insurance coverage. Even if the court were to give the jury a general charge which simply informed them that all medical expenses were resolved prior to trial, an inference of insurance coverage would be raised in the minds of some if not all the jurors. Moreover, the court finds that counsel for the plaintiffs has not presented any case law or other authority that medical expenses are considered relevant to the facts sought to be proved. See *Martin, supra* at 423, 466 A.2d at 1025. The court recognizes that medical expenses would provide a jury with concrete figures to use when awarding damages. However, the plaintiffs have not satisfied the court that the amount expended has any bearing on the pain and suffering of Mr. Geiswite because of his injuries. Accordingly, plaintiffs' request to introduce into evidence medical expenses incurred by Mr. Geiswite as a result of the injuries he received is denied.

## ORDER

And now, September 13, 1993, in accordance with the foregoing opinion, it is hereby ordered as follows:

(1) Plaintiffs' request to amend the caption of the case is granted; however, plaintiffs' request to preclude any reference to former defendants at trial is denied.

(2) Defendant Warner's motion for bifurcation is granted. The liability phase of the case will be heard and decided by the jury before proceeding with the damages phase.

(3) Plaintiffs' request to introduce into evidence proof of medical expenses is denied.