J-A24035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KRISTINE WILMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXANDRA S. BETHMAN AND | : | No. 654 EDA 2022 |
| ANDREW BETHMAN AND ARTHUR W. | : | |
| WATKINS | : | |

Appeal from the Judgment Entered April 13, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  181203188

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　**FILED FEBRUARY 21, 2023**

Kristine Wilmer ("Wilmer") appeals from the judgment[1] entered after the trial court denied her post-trial motion in her personal injury case against Alexandra Bethman ("Bethman").  We affirm.

On a sunny afternoon in March 2017, Bethman was in Hatboro, driving east on Street Road, which has two lanes each of traffic in the eastbound and westbound directions and a forty-five miles per hour speed limit.  **See** N.T., 2/14/22, at 54-57.  Bethman pulled into a separate left turning lane in preparation for entering a housing development across the road.  **See id**. at

_____

[1] Although Wilmer purports to appeal from the denial of her post-trial motions, her appeal properly lies from the entry of judgment.  **See Hicks v. Global Data Consultants, LLC**, --- A.3d ---, --- n.1; 2022 WL 3148810 at *1 n.1 (Pa. Super. 2022) (stating that an appeal to this Court can only lie from judgments entered subsequent to a trial court's disposition of any post-trial motions, not from the order denying post-trial motions).

55-56. She stopped in the turning lane and waited for westbound traffic to stop. *See id*. at 64. The driver of the car in the westbound turning lane, a police officer, stopped, left a gap, and made a gesture indicating that Bethman should proceed. *See id*. at 64, 66. Bethman waited one second to make sure that the car had stopped. *See id*. The officer's car blocked Bethman's view of the second westbound lane until she began her turn. *See id*. at 58. Bethman successfully turned into the first westbound lane. As Bethman was entering the housing development from the second westbound lane, the van in which Wilmer was traveling struck the rear passenger side of Bethman's car. *See id*. at 60, 64-65.[2]

Wilmer was in the front passenger seat of the van when the collision occurred; two other people were in the back seat. *See id*. at 73-74. Wilmer felt the van's airbag hit her face. *See id*. at 74-75. The next thing she remembered was Bethman telling her that she was sorry. *See id*. at 72-75. Wilmer testified that she suffered facial injuries from the impact of the airbag and had an MRI at the hospital to which she was taken. *See id*. at 79-80.[3]

Wilmer sued Bethman for injuries resulting from the collision, and the case proceeded to a jury trial. At the conclusion of her case, Wilmer moved for judgment as a matter of law, asserting that Bethman had violated the

---

[2] Bethman was issued a ticket in relation to the collision and paid it. *See* N.T., 2/14/22, at 62.

[3] Wilmer testified that she is still suffering physical and mental effects from the collision. *See* N.T., 2/14/22, at 86-88, 106-07, 114-15, 122-26.

Motor Vehicle Code provision governing left turns,[4] and was negligent *per se*. The trial court denied Wilmer's motion. ***See*** N.T., 2/15/22, at 11-14. At the conclusion of Bethman's case, which consisted of videotaped medical testimony about Wilmer's injuries, Wilmer moved for a directed verdict on the same grounds. The trial court denied the motion. ***See*** N.T., 2/16/22, at 6-14. Wilmer requested a jury instruction on negligence *per se* based on Bethman's alleged violation of the left turn statute, and requested that the jury not be instructed separately on negligence. The trial court denied Wilmer's requests. ***See id***. at 15. However, in its closing instruction, the court instructed the jury on both negligence and negligence *per se*. ***See id***. at 71-73.

The jury found that Bethman was not negligent. ***See id***. at 86. Wilmer moved for judgement notwithstanding the verdict ("JNOV"). The trial court denied the motion. ***See id***. at 88. Wilmer filed a timely post-trial motion. The trial court denied the post-trial motion and a judgment in favor of Bethman was entered. Wilmer and the trial court complied with Pa.R.A.P. 1925.

On appeal, Wilmer presents the following issues for our review:

1. Whether the trial court erred as a matter of law when it denied [Wilmer's] motion for judgment as a matter of law or directed verdict and [JNOV]?

---

[4] ***See*** 75 Pa.C.S.A. § 3322.

2. Whether the verdict of no negligence in a left turn case was the only cause [sic] of the collision is contrary to the evidence warranting a new trial as a matter of law?

3. Was there a defect in the verdict sheet based on the erroneous charge to the jury and an erroneous charge to the jury which caused harm to [Wilmer]?

*See* Wilmer's Brief at 4-5 (some capitalization omitted).

In her first issue, Wilmer asserts that the trial court erred or abused its discretion by denying a directed verdict or JNOV. In reviewing a trial court's decision to whether or not to grant judgment in favor of the parties,

> we must consider the evidence, together with all favorable inferences drawn therefrom, in the light most favorable to the verdict winner. Our standard of review when considering the motions for a directed verdict and . . . JNOV are identical. We will reverse a trial court's grant or denial of a directed verdict or JNOV only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.
>
> There are two bases upon which a directed verdict or a JNOV can be entered; one, the movant is entitled to judgment as a matter of law, and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in [her] favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*See Hall v. Episcopal Long Term Care*, 54 A.3d 381, 395 (Pa. Super. 2012) (internal citation and brackets omitted).

Negligence *per se* is "conduct, whether of action or omission, which **may be declared and treated as negligence without any argument or proof**

- 4 -

***as to the particular surrounding circumstances." Mahan v. Am-Gard,***

***Inc.***, 841 A.2d 1052, 1059 (Pa. Super. 2003) (emphasis in original). To prove

negligence *per se*, a plaintiff must demonstrate: (1) the existence of a statute

designed at least in part to protect the interests of a group of individuals, as

opposed to the public generally; (2) the clear application of the statute to the

defendant's conduct; (3) the defendant's violation of the statute; and (4) that

the violation was the proximate cause of plaintiff's injuries. ***See id***.; ***see also***

***Grove v. Port Auth. of Allegheny County***, 218 A.3d 877, 889 (Pa. 2019)

(stating that even where a plaintiff establishes the duty and breach of duty

elements of negligence *per se*, she must prove that the negligent act is the

proximate (legal) cause of the injury).

> Section 3322 of the Motor Vehicle Code, "Vehicle turning left," provides:
>
> The driver of a vehicle intending to turn left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard.

***See*** 75 Pa.C.S.A. § 3322. A driver must signal her intent to make a turn.

***See*** 75 Pa.C.S.A. § 3334(b). When a motorist fails to look for oncoming

traffic, makes a left turn, and is struck by another vehicle, it may be inferred

that she violated her duty to yield the right-of-way to the oncoming motorist.

***See Eagleson v. Malone***, 465 A.2d 1280, 1283 (Pa. Super. 1983).

Wilmer asserts that Bethman admitted that she could not see beyond

the most immediate car to her left but knew that there was westbound traffic,

which established Bethman's violation of the rules of the road. Wilmer also

asserts that Bethman committed a violation of the left turn statute and was negligent *per se* by making a left turn when the van in which Wilmer was riding was so close to Bethman's as to constitute a hazard. Wilmer asserts that Bethman admitted she violated the law and apologized for the accident. Wilmer concludes that the jury's verdict of no negligence warranted a directed verdict or JNOV.

The trial court concluded that the trial evidence was sufficient to permit the jury to conclude that Bethman acted reasonably and waited until she thought it was safe to proceed and was therefore not negligent, and therefore that it properly denied a directed verdict or JNOV. **See** Trial Court Opinion, 6/10/22, at 8-9, 17.[5]

We find no abuse of discretion in the trial court's denial of Wilmer's motion for a directed verdict or JNOV. Wilmer presented no evidence about the distance the van in which Wilmer was a passenger and Bethman's car

_____

[5] The trial court also stated that Bethman elicited sufficient contradictory testimony from Wilmer to permit the jury to reject Wilmer's testimony, apparently referring to Wilmer's cross-examination about the extent and duration of her injuries. **See** Trial Court Opinion, 6/10/22, at 17. However, Wilmer did not testify about the **cause** of the collision. The jury's possible disbelief of her testimony about **the extent and duration of her injuries**, therefore, would not have been a proper basis to find Bethman non-negligent in the collision that produced those injuries.

We may affirm the trial court on any basis supported by the record on appeal. **See Lynn v. Nationwide Ins. Co.**, 70 A.3d 814, 823 (Pa. Super. 2013). Because there was evidence supporting the jury's finding that Bethman was not negligent, and no evidence to demonstrate that Bethman was negligent *per se*, we will not disturb the trial court's denial of relief.

when Bethman turned left and the van collided with her car in the second westbound lane.[6] Thus, there was no evidence that Bethman violated the left turn statute by failing to yield the right-of-way to a vehicle that was so close as to constitute a hazard, **see** 75 Pa.C.S.A. § 3322, and no evidence that a statutory violation caused the accident, which could establish negligence *per se*. **See Mahan**, 841 A.2d at 1059 (stating that proximate cause is an element of negligence *per se*).[7] **See also Churilla v. Barner**, 409 A.2d 83, 85 (Pa. Super. 1979) (stating that the mere happening of an accident does not establish a *prima facie* case of negligence, and further stating that a plaintiff must produce evidence, not theories, to support her version of an accident).[8] Wilmer is not due relief as a matter of law. Further Wilmer did not demonstrate the other possible basis for a JNOV award: that no two

_____

[6] Wilmer did not see the collision; Bethman's testimony presented as on cross-examination was the only evidence Wilmer offered relating to the cause of the accident.

[7] We also note that Wilmer presented no evidence that the van in which Wilmer was riding had a green light, was following the speed limit, or remained in its lane. It is possible that the driver was contributorily or comparatively negligent and may have been partially responsible for the collision. **See Eagleson**, 465 A.2d at 1283 (holding that in the trial of a case in which a passenger of a motorcycle was hurt in a collision with driver who failed to look for oncoming traffic in making a left turn, the jury is entitled to explore any responsibility the motorcyclist bears for the collision).

[8] Wilmer asserts that Bethman failed to look as she entered the intersection, supporting the inference that she violated the right-of-way. However, Bethman testified without contradiction that she did look for oncoming traffic before turning. **See** N.T., 2/14/22, at 64.

reasonable people could disagree that the verdict should be in her favor. **See**

**Hall**, 54 A.3d at 395. The evidence of record does not meet that high

evidentiary standard. The trial court thus did not err or abuse its discretion

by denying a directed verdict or JNOV.[9]

Wilmer's next issue asserts that the trial court abused its discretion by

not granting her motion for a new trial. The grant of a new trial is within the

sound discretion of the trial court. **See Houseknecht v. Walters**, 590 A.2d

20, 23 (Pa. Super. 1991). A new trial will not be granted absent a manifest

abuse of discretion or a clear error of law. **See Harman ex rel. Harman v.**

**Borah**, 756 A.2d 1116, 1121-22 (Pa. 2000).

Wilmer asserts her right to a new trial because Bethman did not testify

that she signaled her turn and that she turned left without looking,[10] making

Bethman's actions the legal and factual cause of the collision and

demonstrating that Bethman was negligent *per se* as a matter of law for

violating the Motor Vehicle Code. As discussed above, Wilmer did not establish

that the trial court erred in rejecting her legal argument. Absent any further

arguments directed to the trial court's abuse of discretion when denying

Wilmer's request for a new trial, we conclude that Wilmer's issue fails.

_____

[9] Wilmer did not introduce into evidence the ticket that Bethman paid, nor does she cite authority for the proposition that the issuance of a ticket alone could establish negligence *per se*.

[10] Wilmer did not prove that Bethman failed to signal her turn. The record is silent on that point.

Wilmer's third and final issue asserts that the trial court erred in its jury charge, which created an error in the verdict sheet. Wilmer asserts that the trial court abused its discretion by instructing the jury on both negligence and negligence *per se* because the two theories are mutually exclusive. She also asserts that the court's instructions inadequately described Bethman's duty of care, in light of Bethman's alleged admission to violating the motor vehicle code statute governing left turns, especially because there was no evidence that the driver of the van in which Wilmer was driving was negligent.

A reviewing court examines a jury charge for an abuse of discretion. It reviews the instruction in its entirety and will not grant a new trial unless the charge as a whole is inadequate or not clear and has a tendency to confuse on a material issue, meaning that the issues are not clear or the jury was palpably misled. **See Boutte v. Seitchik**, 719 A.2d 319, 324 (Pa. Super. 1998).

The trial court found that its charge was proper and allowed the jury to find one of two theories of liability, negligence under the circumstances or negligence because of a violation of the left turn law. **See** Trial Court Opinion, 6/10/22, at 11-12.

We agree with the trial court that it did not abuse its discretion in instructing the jury or preparing the verdict sheet. Wilmer cites no authority for the proposition that a court errs as a matter of law when it instructs a jury

on both negligence and negligence *per se*, and this Court is not aware of any such case law.

Further, the trial court's instructions had the potential to aid Wilmer's case by offering alternative theories of liability. The trial court instructed the jury that if Bethman made her turn without yielding the right-of-way to a vehicle approaching from the opposite direction which is so close as to constitute a hazard, the jury must find Bethman negligent. ***See*** N.T., 2/16/22, at 73. Accordingly, Wilmer had the benefit of what was in essence a charge on negligence *per se*. The trial court also gave a standard negligence instruction. ***See id.*** at 71-72. The trial court's instruction allowed the jury to find Bethman negligent *per se* or, alternatively, negligent despite not having violated the left turn statute. Wilmer does not demonstrate that the trial court's instructions were legally erroneous and thus does not demonstrate that either the jury instructions, or the verdict sheet which allowed a finding of negligence or negligence *per se*, constituted an abuse of discretion.[11] No relief is due.

Judgment affirmed.

---

[11] That there was no evidence that the driver of the van in which Wilmer was riding was negligent is not proof that he was not; the record is silent on that point.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2023